FRANK KELLEY v. THE STATE.

No. 4020. Decided April 12, 1916.

Rehearing denied May 10, 1916.

**1.—Assault to Murder—Aggravated Assault—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence did not raise the issue of adequate cause and showed that the defendant shot twice with a pistol at the prosecuting witness at close range, there was no error in the court's refusal to submit the issue of aggravated assault. Following Hatton v. State, 31 Texas Crim. Rep. 586.

**2.—Same—Rudely Displaying Pistol—Charge of Court—Plea of Guilty.**

Where, upon trial of assault with intent to murder, the evidence showed that the defendant fired at prosecuting witness with a pistol at close range and was convicted of said offense on a plea of guilty, a complaint that the court should have submitted a charge on the issue of rudely displaying a pistol and

disturbing the peace, is untenable, and there was no reversible error in the court's refusal to submit a requested charge thereon.

### 3.—Same—Election by State—Rule Stated.

The rule is well settled that where an election is authorized it is the duty of the State or the court for the State to make that election, and this can not be done by the defendant in a special charge or exceptions to the testimony. Following Bradshaw v. State, 32 Texas Crim. Rep., 381, and other cases. But in the instant case the State could not be required to elect.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of assault with intent to murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*El. J. Gibson, W. F. Bane,* and *Newton P. Morrison,* for appellant.— On question of charge of court: Logan v. State, 48 S. W. Rep., 575; Pefferling v. State, 40 Texas, 493; Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Under a plea of guilty appellant was convicted of assault with intent to murder and given fifteen years in the penitentiary.

The judgment shows compliance with the statute in regard to pleas of guilty in felony cases. As required by the statute, evidence was introduced as to the immediate facts attending the assault. The indictment charges the assault to have been made upon Stachowiak. The alleged assaulted party and McFarland testified for the State; the appellant introduced no evidence. The testimony discloses that appellant and Weidner opened a door and entered the drug store of McFarland, where the alleged assaulted party was also present. McFarland and the alleged assaulted party were standing at the rear end of the front room of the store, near a fireplace. When appellant and Weidner entered the room they had their pistols drawn and said to the parties in the store, "Put 'em up." McFarland was sitting down. He jumped up and started to a door, which seems to have led into an adjoining back room. The assaulted party raised both hands. Appellant in moving towards them had his left hand extended as if going to the cash register. Weidner and appellant each fired two shots. McFarland says one of the shots passed within a few inches of his head and struck and broke bottles, and smashed a mirror. The others entered other portions of the house. The assaulted party testifies that two of those shots were fired at him. He dodged below the counter or some other obstruction and went out the same door through which McFarland passed. Appellant and his companion backed out the front door of the store with their pistols drawn. One shot, it is indicated, was fired about the time

they got to the door. This record does not show whether either of the occupants of the store was struck by any of the shots.

On this state of case the court instructed the jury to find appellant guilty of assault with intent to murder under his plea. Two questions are presented sufficiently to require attention: First, that the court was in error in not submitting the issue of aggravated assault; second, that the court should have submitted disturbance of the peace on account of the shooting and rudely displaying a pistol. It is the rule in pleas of guilty as well as in pleas of not guilty, that the issues made by the testimony should be submitted to the jury, and if the evidence raises an issue favorable to the defendant, which would extenuate, mitigate or excuse the crime even, it should be given in charge to the jury. The authorities seem to be practically unanimous on this question, but it is equally as well settled that unless there is such issue raised by the testimony it would not be error to fail to so charge. In other words, the charge is limited to and governed by the facts adduced on the trial. We are of the opinion that the evidence here did not require the court to charge on aggravated assault. The parties fired two shots each at McFarland and the alleged assaulted party, at close range. There was no question of the fact that four shots were fired, and the assaulted party testified positively that two of those shots were fired at him. This would constitute an assault to murder. A pistol thus used is a deadly weapon. This question has been settled by a line of decisions in Texas, and so far as we are aware has not been questioned. For collation of cases see Branch's Crim. Law, sec. 546. In Hatton v. State, 31 Texas Crim. Rep., 586, the matter was discussed by Judge Hurt, as it has been in other cases prior to and subsequent to that opinion. There is nothing in the testimony to suggest adequate cause, or any issue that might require the court to charge on aggravated assault. If there had been, the judgment would be reversible.

On the other question, which is presented by exceptions to the court's charge and refusal to give special instructions to the effect that if appellant was guilty of rudely displaying a pistol and thus disturbing the peace, he could not be guilty of assault to murder, was properly refused. There was a good deal of rudeness evidenced by the manner of displaying the pistol would hardly be questioned. That it was calculated to disturb the two men assailed would hardly be debatable. They seemed to have been very much disturbed, and eliminated themselves from the room where the shooting occurred with somewhat undignified rapidity. In fact, they did not seem to stand on the order of their departure. It would hardly be questioned, under these facts, that their peace of mind was disturbed, but this would not require a charge on disturbing the peace. If the facts show that appellant rudely displayed the pistol or fired it, as was shown in this case, for the purpose of killing, the fact that he disturbed the peace of the assaulted fugitives would not bar a prosecution for assault to murder. Any assault of this character is fully calculated to disturb the peace of the parties who are being assaulted. But even if there could have been an election required, under

the circumstances, appellant would not be authorized to make that election, neither under the doctrine of carving nor under the doctrine of election. The rule is well settled that where an election is authorized, it is the duty of the State, or the court for the State, to make that election. The accused may require this election to be made, and if, in a proper case, it is refused, it would be cause for refusal. But this can not be done by the defendant in a special charge or exceptions to testimony. See Bradshaw v. State, 32 Texas Crim. Rep., 381; Blackwell v. State, 51 Texas Crim. Rep., 24. But in no event could the State have been required to elect as between assault to murder and disturbing the peace under the facts or averments of the indictment. Connected with the facts showing assault to murder, there is evidence which shows that appellant and Weidner entered the store for the purpose of robbery. Their demand of the parties to hold up their hands, and the movement towards the cash register, and the firing of the shots by two strangers entering the drug store under the circumstances, would indicate that this shooting was without extenuation, so far as it applied to any inferior offense, or any phase of the law that might be beneficial to defendant in so far as any degree of the offense might be involved.

We are of opinion that enough has been said to show none of the supposed errors urged by appellant were raised by the facts, and none of them present any merit that would justify this court in reversing this judgment.

Finding no reversible error in the record the judgment is, therefore, affirmed.

*Affirmed.*

[Reheading denied May 10, 1916.—Reporter.]