### FRED DURBON V. STATE.

No. 24336. April 6, 1949.

*H. L. Dillashaw* and *Joe Burkett,* San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was found guilty of malicious mischief and fined $25.00.

The charge is made by complaint and information that the appellant did "wilfully and mischievously, injure and destroy real property of the value of Two Thousand Dollars by then and there breaking a door, * * *." The evidence discloses that appellant was engaged in business and had sold to the prosecuting witnesses, husband and wife, a washing machine and also a dish washer. The dealings in regard to them were brought into the record with testimony quite in conflict. The husband was out of the city and the wife had gone up town when appellant, under a claim of right to do so by reason of a written contract,

went to the home with two assistants and took from it a washing machine. According to his testimony, and that of his assistants, the front gate was locked, also the front door to the house, but the back door nearest the washing machine was unlocked. He denied breaking anything or that he used any means of forcing entrance to the premises. The next door neighbor, who was working in his yard a few feet away corroborated such testimony by his evidence that he heard no noise whatsoever at the time they were there. The mere circumstance that there was some injury to the property is not sufficient, under the facts of this case, to support the charge laid in the complaint. The machine was taken from the back door and there is no evidence that this door was injured while making the entry, though the prosecuting witness, Mrs. Ward, did testify that she left the door locked. Whatever injury there was to the front door or side door is not described and in the absence of proof that a door was broken there is a definite conflict between the allegation and the proof. It is true that there are conclusions found in the information and complaint that an injury resulted, but the charge of malicious mischief is based on the allegations that he broke a door. The record before us contains no proof whatever that he broke a door, or that he was the person who inflicted such injury as the witnesses referred to.

For the variance between the allegation and the proof, the judgment of the trial court is reversed and the cause is remanded.