Ernesto MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 53763.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

William C. Sherk, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

Appellant, in a trial before the court, was found guilty of forgery by passing and the court assessed his punishment at five years.

The judgment which consisted of a printed form with blanks filled in by typewriter recited that: "There upon the defendant, in person and in open court, waived in writing the right to a trial by jury, and requested the consent and approval of the court to waive said rights, and whereas such consent and approval of the attorney representing the State, in writing duly signed by said attorney was filed in the papers in said cause before the defendant entered the plea of not guilty, and the consent and approval of the court in writing duly signed by the court was filed, with all of such evidence, in the file of the papers of the cause and it appears that all prerequisites required by law for the waiving of these rights have been performed, therefore, the court now gives its consent and approval for the said defendant to waive said rights." Appellant filed his objection to the record for the reason that the above-quoted recitation in the judgment was untrue in that no such waiver and consent had been executed.

A hearing was conducted by the court. The court reporter testified that there was no mention of a jury waiver in her notes. The court clerk testified that there was no jury waiver in appellant's file and that he had made a search of other case files to insure that the alleged jury waiver had not been misfiled in some other defendant's jacket through error. He stated that despite his thorough search he had not found a written jury waiver in appellant's case. Neither the prosecutor nor appellant's trial counsel had any independent recollection of having executed a jury waiver nor of appellant having executed one. The trial judge stated for the record that he not only did not have an independent recollection of appellant having signed a waiver or of the approval of the same by the prosecutor or the court, but that he did not even have any recollection of appellant's case at all.

Appellant was very careful to follow the suggestion of Presiding Judge Onion as to the means of preserving such error as set out in *Boening v. State*, Tex.Cr.App., 422 S.W.2d 469, wherein, at page 473, it was stated:

"If such recitations in the judgment were not correct, then we observe that no objections to the approval of the record

were offered by the appellant prior to or at the hearing on the approval of the record conducted by the trial judge as authorized by Article 40.09, Section 7, V.A.C.C.P.

"We further call attention to the provisions of Article 44.24, V.A.C.C.P. (Presumptions on Appeal) which requires this Court to presume, among other things, that the defendant was arraigned unless such matter was made an issue in the court below, or unless it affirmatively appears to the contrary from the record."

From the record of the hearing it is apparent that there is no evidence to support the recitation in the judgment that a written jury waiver was executed and filed with the papers in this cause.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.