Ex parte James FELTON, Appellant.

No. 62654.

Court of Criminal Appeals of Texas, En Banc.

Nov. 7, 1979.

Rehearing Denied Dec. 19, 1979.

None for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post-conviction habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P.

On May 30, 1973, James Felton, the applicant in this case, was convicted of murder with malice in cause no. 1251 in the 71st District Court in Harrison County. According to the court records attached to his application, Felton was convicted by the court on his plea of guilty and punishment was assessed at twenty years. Also attached to his application are forms filed in that case for waiver of the right to trial by jury, an agreement to stipulate testimony, and for approval of the district attorney and consent of the court. The place on the waiver of jury trial form for the signature of the accused is blank. This record is the basis for Felton's application for relief. He contends the conviction in cause 1251 is void because his guilty plea was received in violation of Articles 1.13 and 1.15, V.A.C.C.P.

Article 1.13 supra, provides:

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that *such waiver must be made in person by the defendant in writing* in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him." (Emphasis added.)

Article 1.15, supra, provides in part:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person *waived his right of trial by jury in writing* in accordance with Articles 1.13 and 1.14; . . ." (Emphasis added.)

Although a printed jury waiver form was filed in cause 1251, it was not signed by the applicant. The language of Art. 1.13, supra, plainly requires that the waiver of the right to trial by jury "must be *made* in person *by the defendant in writing* . ." It does not say that the waiver is sufficient if it be *reduced* to writing. It says *made* in writing. A printed form becomes a writing made by the defendant only when he places his signature on it and by that act adopts the writing as his own. This act not having been performed in this applicant's case, as evidenced by the forms in the record before us, there was no effective waiver of the right to trial by jury in compliance with Art. 1.13, and, under the express mandate of Art. 1.15, no felony conviction could have been lawfully entered. We conclude that applicant Felton is entitled to the relief he seeks, and accordingly his conviction in Cause No. 1251 in the 71st Judicial District Court of Harrison County is set aside. He shall be discharged from further custody under that conviction and shall be remanded to the custody of the sheriff of Harrison County to answer the indictment pending against him in that cause. A copy of this opinion shall be sent to the Texas Department of Corrections.

It is so ordered.

DALLY, Judge, dissenting.

A defendant may agree to waive a jury trial in writing in open court without *signing* that agreement. Neither Art. 1.13 nor 1.15, V.A.C.C.P. (1965) requires that a defendant *sign* the agreement he has made in writing in open court. These articles merely require that the agreement be in writing. The majority without reason have added the requirement that a defendant must *sign* the agreement.

The petitioner was charged with the offense of murder with malice in Cause Nos. 1250 and 1251 in the 71st District Court of Harrison County. On May 30, 1973, petitioner entered pleas of guilty to both offenses. After finding petitioner guilty the court assessed punishment of imprisonment for twenty years in each case and ordered that the sentence in Cause No. 1251 be cumulated with that in Cause No. 1250.

The petitioner asserts that the judgment and sentence imposed in Cause No. 1251 are void since the record affirmatively reflects that a Waiver of Trial by Jury form was not signed by him. The appellant alleges that his signature does appear following the Waiver of Jury Trial form used in Cause No. 1250 and he seeks no relief in that cause.

Art. 1.13, V.A.C.C.P. (1965) provides:

"The *defendant* in a criminal prosecution for any offense classified as a felony less than capital *shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court* with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, *and the consent and approval of the attorney representing the State shall be in writing, signed by him,* and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."

The form used when the appellant entered his plea of guilty in Cause No. 1251 is here reproduced.

IN THE 71ST DISTRICT COURT
OF HARRISON COUNTY, TEXAS

THE STATE OF TEXAS
VS.    No. ___1251___

James Earl Felton ___    ___May_____ 1973

### WAIVER OF JURY TRIAL

COMES NOW THE DEFENDANT, in the above styled and numbered cause in open court and before having pleaded to the indictment herein, announces that Defendant will plead guilty to said charge and hereby requests the consent and approval of the court and of the attorney for the State that Defendant may waive the right to trial by jury herein, and does hereby upon the consent of the court and State's attorney waive trial by jury.

DEFENDANT
/s/ Charles A. Allen _____
ATTORNEY FOR DEFENDANT

### AGREEMENT TO STIPULATE TESTIMONY

Said Defendant, Defendant's counsel, and the State's attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and cross-examination of witnesses in the above entitled and numbered cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney, such testimony being the same as the witnesses would give if they were present in court and testifying under oath and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

/s/ James Earl Felton _____
DEFENDANT
/s/ Charles A. Allen _____
ATTORNEY FOR DEFENDANT

### APPROVAL OF DISTRICT ATTORNEY

Before the said Defendant enters his plea herein, each of the above requests of the said Defendant are hereby consented to, and approved by me, the attorney representing the State herein.

/s/ Sam Baxter _____
ASSISTANT—CRIMINAL DISTRICT
ATTORNEY

### CONSENT OF COURT

The above and foregoing applications of the Defendant herein having been duly considered by the court and it appearing to the court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that attorney representing the State herein has given the consent and approval to same, therefore consent and approval of the court is hereby given thereto.

/s/ John Furrh _____
JUDGE PRESIDING

Art. 1.13, V.A.C.C.P. simply does not re-quire that the appellant *sign* the agreement in writing; this is in contrast with the requirement of Art. 1.13 V.A.C.C.P. that the consent and approval of the attorney representing the State shall be in writing, *signed by him.*

When a defendant waives a trial by jury, all that is required by Art. 1.13, V.A.C.C.P. is that the agreement be made in open

court in writing. The agreement was made in open court and reduced to writing in this case.

The form was signed in the blank provided in Cause No. 1250; that it was not signed in Cause No. 1251 does not mean that the petitioner did not agree to waive a jury in open court and it does not contradict the judgment entered which reads in pertinent part:

".  .  . and it appearing to the Court that the Defendant, his counsel, and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court; and the Court having consented to the waiver of a jury herein, the indictment was read, and the Defendant entered his plea of guilty thereto .  .."

See and compare *Martinez v. State*, 555 S.W.2d 462 (Tex.Cr.App.1977) and *Ex parte Smith*, 449 S.W.2d 266 (Tex.Cr.App.1969). The relief sought in this *collateral proceeding* should be denied. I dissent.

DOUGLAS and TOM G. DAVIS, JJ., join this dissent.