Thomas Ray **BREAZEALE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–82–117CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1983.

Discretionary Review Granted
July 13, 1983.

Robert A. Jones, Houston, for appellant.

James Brough, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Thomas Ray Breazeale entered a plea of not guilty to the trial court to an indictment for forgery. The trial court rejected the plea and found appellant guilty of the offense. The court assessed punishment, enhanced by two prior felony convictions, at life imprisonment.

Appellant urges that the evidence is insufficient to support the conviction and that the record is devoid of any proof that he voluntarily waived his right to trial by jury. For the reasons set forth below, we reverse the conviction.

The record reflects that on October 23, 1980 appellant presented a check to be cashed at the Great Value Food Store in Houston. The check was drawn on a Houston bank account in the name of "R.G. Enterprises"; the check bore what purports to be the signature of Ray Gilliam. The payee was Kevin B. Ranftle; there was a purported indorsement of Kevin B. Ranftle on the back of the check. Appellant presented a Texas driver's license bearing the name of Kevin Barry Ranftle. When the store manager, James Falik, asked for further identification, appellant stated he had none. Falik testified that appellant bore no resemblance to the picture on the driver's license. When Falik refused appellant's demands to return the check, appellant walked away from the courtesy booth. As Falik told him to stop, appellant ran from the store. Falik and two other employees gave chase. Appellant was apprehended by a sheriff's deputy, who witnessed the chase. Ray Gilliam testified that the check in question had been stolen from R.G. Enterprises; Gilliam did not sign the check nor did he authorize anyone else to do so.

Texas Department of Corrections inmate Robert Pennock testified that he paid off a debt owed to appellant with some checks he (Pennock) had stolen while burglarizing R.G. Enterprises. Pennock stated that he made the check payable to the order of Kevin Ranftle in the amount of $223.75. Taking the stand in his own defense, appellant testified Pennock had a check for $223.75 payable to Kevin B. Ranftle in his possession when appellant attempted to collect his money. Appellant stated that he accompanied Pennock to the Great Value Food Store to cash the check. He stated that Pennock placed the check and bogus identification in the courtesy booth window and left the courtesy booth line to purchase cigarettes. As Falik questioned appellant, Pennock started for the exit. Appellant testified that he was attempting to confront Pennock about the check when he was apprehended.

■ We first address ground of error one, wherein appellant contends that the court erred in proceeding to trial without a jury where the record contains no waiver by appellant of his right to jury trial.

Trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Additionally, the right is embodied in Tex. Const. art. I, § 15, and Tex.Code Crim. Pro.Ann. art. 1.12 (Vernon 1977).

The form judgment contains the recitation, "the Defendant, in person and in writing, in open court, having waived his right of trial by jury. . . ." However, the statement of facts before us contains no indication that appellant expressly waived his right of trial by jury. After a diligent search of both the transcript before us and the original court files in the Harris County District Clerk's Office, we are unable to find a written waiver of trial by jury signed by appellant.

The Texas Court of Criminal Appeals has declared that the waiver of right to trial by jury cannot be inferred from mere acquiescence in a non-jury proceeding. *Samudio v. State,* 648 S.W.2d 312 (Tex.Cr.App.1983).

However, the code of criminal procedure provides:

Art. 1.13 Waiver of trial by jury. The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, *however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.* The consent and approval by the Court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. (Emphasis added.)

Tex.Code Crim.Pro.Ann. art. 1.13 (Vernon 1977).

The state urges, in an argument which we find most unconvincing, that we should rely on the so-called "regularity of judgments rule" and presume that appellant in fact waived the right to trial by jury since the record is silent but for the above-quoted judgment recital. To this end, the state cites *Creeks v. State,* 537 S.W.2d 29 (Tex.Cr. App.1976); *Robert v. State,* 613 S.W.2d 291 (Tex.Cr.App.1981); *Housewright v. State,* 573 S.W.2d 233 (Tex.Cr.App.1978) and *Ex parte Reed,* 610 S.W.2d 495 (Tex.Cr.App. 1981). However, none of these authorities squarely supports the proposition that a waiver of trial by jury can be inferred from a silent record. *Creeks* concerned the statutory admonishments required under Tex. Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1982); the court of criminal appeals held that a notation on the docket sheet and a corresponding judgment recital are sufficient to show compliance with article 26.13 in the face of a silent record. In *Housewright,* there was neither a statement of facts nor formal bills of exception before the court of criminal appeals; thus the court presumed that sentence had been imposed timely and that appellant had waived his statutory time for filing a motion for new trial or motion in arrest of judgment.

Similarly, in *Reed,* there was no statement of facts before the appellate court. We find no profitable comparison between *Robert* and the instant case. Reliance on the above-cited authorities is entirely misplaced; the state's position is totally without merit.

 The requirements of article 1.13 are clear and mandatory in felony cases: the waiver must be in writing and signed by the defendant. *See Ex parte Felton,* 590 S.W.2d 471 (Tex.Cr.App.1979). We hold that the so-called "presumption of regularity of judgments" rule does not apply to fundamental, constitutionally protected rights such as the right to trial by jury. A recital in the judgment, in and of itself, is wholly insufficient to withstand constitutional or statutory muster with regard to the waiver of trial by jury in felony cases. The record before us contains no indication that appellant knowingly, voluntarily and intelligently relinquished his right to trial by jury. *See Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). A waiver of jury can never be presumed from a silent record, at least on a direct appeal. *Samudio,* 648 S.W.2d at 314. Thus the state has failed to sustain its burden of demonstrating that appellant intelligently waived jury trial. Without a waiver which meets the requirements of article 1.13, a felony conviction should not have been entered. *See Felton,* 590 S.W.2d at 472; Tex. Code Crim.Pro.Ann. art. 1.15 (Vernon Supp. 1982). Ground of error one is sustained.

By ground of error two, appellant complains of the court's overruling his "motion for instructed verdict of acquittal" as a matter of law at the close of the state's evidence. After the state rested its case and the court overruled the motion for instructed verdict, appellant put on his defense. We are not required to pass upon the contention that the evidence was insufficient at the time the state rested its case. *Shirley v. State,* 501 S.W.2d 635 (Tex.Cr. App.1973). In ground of error three, appellant questions the sufficiency of the evidence. Viewing the evidence in a light most favorable to the prosecution, we find there is evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lopez v. State,* 630 S.W.2d 936 (Tex.Cr.App.1982). Grounds of error two and three are overruled.

Being of the opinion that the court erred in proceeding to trial without first securing an adequate waiver of trial by jury, the conviction is reversed and the cause is remanded for further proceedings consistent with this opinion.