Wallace Neil HIGGS, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. B14–82–248CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 5, 1983.

Terrence Gaiser, Houston, for appellant.

Calvin Hartmann, Richard Wilkinson, Karen Zellars, of Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON.

OPINION

CANNON, Justice.

This is an appeal from a conviction for the felony offense of possession of a controlled substance. Upon a plea of not guilty, the court found appellant guilty as charged. Simultaneously, the trial judge overruled appellant's Motion to Suppress Evidence. After a pre-sentence investiga-

tion, the court assessed punishment at ten years in the Texas Department of Corrections. Notice of appeal was timely filed. Appellant bases his appeal on four grounds of error; we sustain appellant's third and fourth grounds of error and reverse.

In his third and fourth grounds of error, appellant contends that he did not waive his right to a trial by jury because he did not execute a written waiver of trial by jury. This issue was just recently addressed by this court in *Breazeale v. State,* 655 S.W.2d 230 (Tex.App.—Houston 1983), wherein Judge Junell wrote:

Trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Additionally, the right is embodied in TEX. CONST. art. I, § 15, and TEX.CODE CRIM.PRO.ANN. art. 1.12 (Vernon 1977).

The form judgment contains the recitation, "the Defendant, in person and in writing, in open court, having waived his right of trial by jury. . . ."

. . . .

The Texas Court of Criminal Appeals has declared that the waiver of right to trial by jury cannot be inferred from mere acquiesence in a non-jury proceeding. *Samudio v. State* [648 S.W.2d 312], No. 546–82 (Tex.Crim.App. February 9, 1983 not yet reported). However, the code of criminal procedure provides:

Art. 1.13 Waiver of trial by jury.

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, *however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.* The consent and approval by the Court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by

him, and filed in the papers of the cause before the defendant enters his plea. (Emphasis added.)

TEX.CODE CRIM.PRO.ANN. art. 1.13 (Vernon 1977).

The state urges, in an argument which we find most unconvincing, that we should rely on the so-called "regularity of judgments rule" and presume that appellant in fact waived the right to trial by jury since the record is silent but for the above quoted judgment recital. . . .

. . . .

The requirements of article 1.13 are clear and mandatory in felony cases: the waiver must be in writing and signed by the defendant. *See Ex parte Felton,* 590 S.W.2d 471 (Tex.Crim.App.1979). We hold that the so-called "presumption of regularity of judgments" rule does not apply to fundamental, constitutionally protected rights such as the right to trial by jury. A recital in the judgment, in and of itself, is wholly insufficient to withstand constitutional or statutory muster with regard to the waiver of trial by jury in felony cases. The record before us contains no indication that appellant knowingly, voluntarily and intelligently relinquished his right to trial by jury. *See Patton v. United States,* 281 U.S. 276 [50 S.Ct. 253, 74 L.Ed. 854] (1930). A waiver of jury can never be presumed from a silent record, at least on a direct appeal. *Samudio* [648 S.W.2d at 314], No. 546–82 at 3. Thus the state has failed to sustain its burden of demonstrating that appellant intelligently waived jury trial. Without a waiver which meets the requirements of article 1.13, a felony conviction should not have been entered. *See Felton,* 590 S.W.2d [471] 472; TEX.CODE CRIM. PRO.ANN. art. 1.15 (Vernon Supp.1982). Ground of error one is sustained.

Therefore, since appellant's third and fourth grounds of error are dispositive of this case, we will not take the liberty to address appellant's other two grounds of error.

The judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with our holding.