**Clifford Wayne FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–000–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 29, 1983.

Discretionary Review Refused

Feb. 8, 1984.

Robert McAnelly, Randy Schaffer, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted of theft after a nonjury trial and was sentenced to probation for five years and a fine of $750.00.

In his first ground of error, the appellant complains that his conviction was obtained in violation of his constitutional right to be free of double jeopardy because he was convicted under paragraph two of the indictment, after the State had elected to proceed only on paragraph *one*. The indictment contained two paragraphs alleging the same offense two different ways. The first paragraph alleged an offense under Penal Code § 31.03(b)(2), theft by receiving stolen property. The second paragraph alleged an offense under Penal Code § 31.-03(b)(1), alleging theft of the same property from the same victim on the same date by appropriating the property without the owner's consent.

After all evidence and all argument had concluded, the following took place:

THE COURT: you proceed under paragraph 1, have you made that election?

MR. JONES: We'll proceed under one, Your Honor. The State feels we have proven them both up, and whichever election the Court feels is appropriate.

THE COURT: The Defendant please rise.

MR. FOSTER, Where were you in 1974?

THE DEFENDANT: Probably in New Orleans, working for Pinkerton Security.

THE COURT: How old were you at that time?

THE DEFENDANT: Approximately 26.

THE COURT: 26? Remember the Watergate hearings?

THE DEFENDANT: Yes, ma'am.

THE COURT: The Court finds the Defendant guilty in Paragraph 2 of the third degree felony offense of theft in Cause No. 348,854.

Are you all ready to proceed with the punishment hearing?

MR. JONES: The State is ready, Your Honor.

MR. McANELLY: We are ready, Your Honor.

■ It thus appears that although the prosecutor indicated, at least initially, that he would proceed under paragraph one, the court responded by finding the appellant guilty of theft as alleged in paragraph two of the indictment. The appellant argues that this constituted an election to proceed on paragraph one alone and simultaneously constituted an abandonment of paragraph two. He argues that when the prosecutor spoke the words, "We will proceed under one, your Honor", then "at that moment the second paragraph was no longer in the case" and the court was authorized to reach a verdict only on the first paragraph, since jeopardy had attached to the abandoned offense of theft as alleged in the second paragraph. Appellant's entire argument rests upon his premise that the second paragraph of the indictment passed out of the case automatically, without any action by the trial judge, at the time the prosecutor spoke the words, "We will proceed under one, your Honor." The appellant has cited no authority for this proposition, however, and our own research has disclosed none. The cases cited by the appellant, *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974), *Deisher v. State,* 89 Tex.Cr.R. 467, 233 S.W. 978 (1921), and *Garza v. State,* 658 S.W.2d 152 (Tex.Cr.App.1983) (motion for rehearing pending) all concerned elections made during jury trials and are, therefore, distinguishable. This ground of error raises the issue of what constitutes an election in a trial before the court, apparently an issue of first impression.

■ The appellant argues that the State's "election" was the same as an "abandonment." We view an election or abandonment as a form of dismissal. A criminal case cannot be dismissed by the State alone, however; the action of the judge is required. Article 32.02, Tex.Code Crim.Pro.Ann. (Vernon 1966) provides:

The attorney representing the State may, *by permission of the court,* dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge. (emphasis supplied)

In the instant case, the prosecutor filed no written statement setting out his reason for abandoning or dismissing the second paragraph of the indictment, and the judge never consented to the abandonment or dismissal of the second paragraph. Even if we viewed the State's ambiguous and contradictory statement as an attempt at dismissal, election, or abandonment of the second paragraph, the judge's action in convicting the defendant on that paragraph indicates that she rejected the State's request.

■ We further note that a count in an indictment may contain many separate paragraphs charging the same offense, Tex. Code Crim.Pro.Ann. art. 21.24(b) (Vernon 1982), and no election is required if there is evidence supporting each of the various allegations of the same offense. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Lynch v. State,* 635 S.W.2d 172, 175 (Tex. App.Houston [1st Dist.] 1982).

■ In the instant case, no election was required, and no error would have been committed if the court had expressly denied the State's (or the appellant's) request for an election. Since no statute or decision required the State to elect, or gave the defendant the right to compel an election, we believe the court was not required to accept the State's purported election. In a jury trial, an election is made when the

court submits only certain parts of a multiple count or multiple paragraph indictment in its charge. *Slay v. State,* 117 Tex.Cr.R. 519, 33 S.W.2d 459, 460 (1930); *Shipp v. State,* 81 Tex.Cr.R. 328, 196 S.W. 840, 842 (1917); *Kelley v. State,* 79 Tex.Cr.R. 402, 185 S.W. 874, 875 (1916). The choice is made by the court, not dictated to the court by the parties. We do not believe that the parties have any greater control of the case when trial is without a jury. We hold that the State, acting alone, cannot abandon a paragraph by making an election. The court's consent is required.

Furthermore, even if the prosecutor's actions could constitute an election, as a matter of law, without any approval by the court, we do not believe the prosecutor made such an election in this case. Although he did initially express a desire to proceed on paragraph one only, he immediately changed his position and expressed a desire to proceed on both paragraphs. The appellant was in no way harmed by the State's action. Ground of error one is overruled.

In his second ground of error, the appellant challenges the sufficiency of the evidence to establish the value of the appliances at more than $200.00 when stolen. The evidence must be viewed in the light most favorable to the verdict. *Clark v. State,* 543 S.W.2d 125, 127 (Tex.Cr.App. 1976). To prove a third degree felony theft the State must show that the property had a value of over $200.00. Penal Code § 31.03(d)(4)(A) (Vernon 1982).

The manager of the apartment from which the appliances were stolen at first testified that she had had no experience buying or selling used appliances. However, she later testified that on many occasions she had purchased used refrigerators and stoves to furnish apartments in the project she managed. She stated that she was familiar with the prices of used refrigerators and stoves similar to the ones stolen and that she had shopped around and found only one vendor whose prices suited her budget. She testified that that vendor based his price on the make and type of appliance, rather than the age of the appliance, and that appliances like the ones stolen would have sold for $265.00 each at the time of the theft.

A witness acquainted with the market value of goods of the same character as those stolen may testify to their fair market value, even though he has no personal knowledge of the particular goods stolen. *Collier v. State,* 474 S.W.2d 240 (Tex.Cr.App.1971). See also *Lucas v. State,* 452 S.W.2d 468 (Tex.Cr.App.1970); *Clark v. State,* 152 Tex.Cr.R. 446, 215 S.W.2d 184 (Tex.Cr.App.1948); *Baden v. State,* 74 S.W. 769 (Tex.Cr.App.1903). The testimony of the apartment manager met this standard. Ground of error two is overruled.

The appellant finally complains that his conviction is void because he did not execute a valid written waiver of his right to trial by jury. No person can be convicted of a felony in a nonjury trial unless the right to a jury trial is waived in accordance with article 1.13 of the Code of Criminal Procedure. The defendant must sign a written waiver in open court, and the judge and the prosecutor must also sign to indicate their consent to a trial before the court. No such written waiver was included in the transcript before us and no supplemental transcript containing a written waiver has been filed. The District Clerk's deputy has filed an affidavit that she is unable to comply with this court's order to file a supplemental transcript containing the jury waiver because, after a search of all files of her office, none exists among the papers "at this time." Nevertheless, the record in this case is not silent on the issue of whether a waiver occurred. Both the judgment and the statement of facts reflect that a written waiver of the right to trial by jury was obtained from the appellant. The judgment states:

> And the defendant, in person, and in writing, in open court, having waived his right of trial by jury, had the indictment read to him and in open court pleaded not guilty.

Furthermore, the statement of facts reveals that the following discussion took place immediately before the beginning of the trial:

THE COURT: Cause No. 348,854, styled

The State of Texas v. Clifford Wayne Foster; wherein Mr. Foster has been indicted by a Grand Jury of this County on the felony charge of theft by receiving, alternatively pleaded as theft.

The defendant *has filed* with this Court a request for a trial *and has waived* his right to trial by jury, and requested a trial to court. (emphasis added)

Will the Defendant please rise. Let the record reflect the Defendant is present.

What is your true and correct name, sir?

THE DEFENDANT: Clifford Wayne Foster, Jr.

THE COURT: Counsel for the Defense, would you state your name for the record?

MR. McANELLY: Robert McAnelly.

THE COURT: Have you had at least 10 days to prepare for this case, Counsel?

MR. McANELLY: Yes, Judge, I have.

THE COURT: The record reflects that the Defendant has had a copy of the indictment since November 9, 1982, so that's well over three days ago.

Mr. Foster, do you understand under the Constitution of this State and the United States you have an absolute right to a jury trial?

THE DEFENDANT: Yes.

THE COURT: Do you wish to have one in this case?

THE DEFENDANT: No, ma'am.

THE COURT: Counsel, in your opinion is your client's waiver of his right to trial by jury voluntarily and intelligently made?

MR. McANELLY: Yes, Your Honor, it is.

■ It clearly appears both from the judgment and from the statement of facts that a document in writing was filed purporting to waive jury trial. The document, however, is not in the record before us. The appellant would have us hold that the absence of such a waiver from the appellate record conclusively demonstrates that no valid written waiver ever occurred. We are not persuaded by the argument since both the judgment and the statement of facts demonstrate to the contrary, and there is no evidence at all from the appellant indicating that he did not, in fact, execute a valid written waiver. The statement to that effect made by the appellant's distinguished counsel in his appellate brief is not part of the record and is not evidence. *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Cr.App.1981). The appellant could have pointed out the alleged omission at any time in the trial court, even after conviction at a motion for new trial hearing, but he failed to do so. We will not presume that the recitations in the judgment are incorrect, especially in this case where they are supported by the trial judge's statements quoted above, and there is absolutely nothing, except the absence of a piece of paper, to indicate the contrary.

■ The appellant argues that the court's language inquiring into the waiver of jury trial supports his claim because it indicates that the court considered it sufficient merely to obtain an oral waiver from the appellant prior to presentment of the indictment. We do not view the court's language as indicating an oral waiver, since it refers to a document "filed" with the court requesting a non-jury trial. The judge stated that the appellant "has waived" his right to trial by jury. Since the judge used the past tense, we assume this referred to a past event. We view the discussion between the court and the defendant not as an oral waiver of the right to jury trial, but as an inquiry to determine if the written waiver was knowingly and voluntarily executed.

■ The appellant relies on three cases, none of which are controlling. In *Ex parte Felton,* 590 S.W.2d 471 (Tex.Cr.App.1979) the purported written jury waiver was in the record, but it had not been signed by

the defendant, and in *Lawrence v. State,* 626 S.W.2d 56 (Tex.Cr.App.1981) the purported written jury waiver was in the record, but not signed by the prosecutor. These crucial omissions, plainly evident in the record on appeal, were obviously sufficient to disprove judgment recitals in those cases indicating that a valid jury waiver was obtained. They were sufficient to overcome the presumption of regularity accorded a judgment because they showed conclusively that a valid waiver had not been obtained. See *McCoy v. State,* 529 S.W.2d 538, 539 (Tex.Cr.App.1975); *Young v. State,* 488 S.W.2d 820 (Tex.Cr.App.); *Maddox v. State,* 591 S.W.2d 898, 903 (Tex.Cr.App.1979). Although *McCoy, Young,* and *Maddox* all involved collateral attacks on prior convictions in the trials of repeat offenders, we do not believe that calls for a different result. In *McCoy, supra,* as in the case at bar, the appellant offered no evidence that a written waiver of trial by jury was not, in fact, executed and filed in accordance with art. 1.13.

The appellant places great reliance on *Breazeale v. State,* 655 S.W.2d 230 (Tex.App.-Houston [14th Dist.] 1983). The State's petition for discretionary review in *Breazeale* has been granted. *Breazeale* is not controlling for several reasons. The first is that in the instant case, unlike *Breazeale,* the statement of facts contains statements by the judge which strongly support the judgment recitation that a valid waiver of jury trial occurred. Therefore, we do not have to rely solely on the presumption of regularity of judgments in order to conclude that a valid waiver occurred. Second, the decision in *Brezeale* rested on *Samudio v. State,* 648 S.W.2d 312 (Tex.Cr.App.1983). *Samudio* was a misdemeanor case, not controlled by art. 1.13, which applies only to felonies. No written waiver is required in misdemeanors. Furthermore, *Samudio* was based on the principle that waiver of a constitutional right will never be presumed from a silent record. *Samudio v. State, supra* at 314. The record was truly silent in *Samudio* because there was no judgment recital of a waiver. The recital merely stated that the defendant

had made no demand for a jury. Absence of demand is not a waiver, which is defined as the intentional relinquishment of a known right. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In the instant case, the judgment recites a waiver, not merely a lack of demand. Thus, the instant case is controlled exclusively by State law, since article 1.13 is the sole source of the requirement for a written jury waiver. Neither the briefs of the parties nor our own research has disclosed any such requirement under the United States Constitution.

We further decline to follow *Breazeale v. State, supra,* because of the adverse affects such a rule would cause. Criminal convictions would be reversed because one piece of paper was misfiled. Elaborate safeguards and security precautions would be necessary to protect the security of court records now open to the public. Security became necessary in Harris County several years ago when court reporters' offices were burglarized by persons seeking to steal notes, so as to make appellate review impossible, thus requiring a new trial. We believe the better rule is to presume the truth of judgment recitals, absent persuasive evidence to the contrary.

Ground of error three is overruled.

The judgment is affirmed.