**Frank ROBERTS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–382–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Carl Lewis, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

Appellant appeals from an order revoking his probation. In October 1981, appellant pled guilty to the offense of attempted rape and was placed on probation for a term of ten years. In March 1983, the trial court revoked the probation based on the violation by appellant of various probationary conditions. We affirm.

■ Appellant's sole ground of error on appeal is that the underlying conviction for attempted rape is void because the jury waiver form is not signed by the appellant as required by TEX.CODE CRIM.PROC. ANN. art. 1.13 (Vernon 1977) and TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977).

At the outset, we note that this is a collateral attack on the underlying conviction. By authority of *Ex parte Payne*, 618 S.W.2d 380 (Tex.Crim.App.1981), however, such a challenge invokes this Court's appellate jurisdiction and requires us to consider whether the underlying conviction is void.

■ Appellant argues that, because his signature is missing from the written jury waiver form brought forward in the record, any waiver is not effective and, therefore, his conviction should be overturned. Usually in a guilty plea case, when the waiver of right to jury trial is required to be made in person by the defendant in writing, a printed form becomes a "writing" made by the defendant only when he places his signature on it and by that act adopts the writing as his own. *Ex parte Felton*, 590 S.W.2d 471 (Tex.Crim.App.1979). Therefore, there can be no effective waiver of a right to jury trial, for purposes of a guilty plea, where a printed jury waiver form has not been signed by the defendant. TEX. CODE CRIM.PROC.ANN. arts. 1.13, 1.15, and 11.07 (Vernon 1977); *Felton*, 590 S.W.2d at 472.

A review of the record here shows that there was a waiver form that was signed by the defendant's attorney but not by the defendant under "Waiver of Jury Trial." The form in *Felton* was signed exactly the same way as the one in the record before us, with all signatures present except that of the defendant, which is present under stipulation of testimony but absent under waiver of jury trial. The appellant asserts that, therefore, we are obligated to reach the same conclusion as that reached in *Felton:*

[Art. 1.13] does not say that the waiver is sufficient if it be reduced to writing. It says made in writing. A printed form becomes a writing made by the defendant only when he places his signature on it and by that act adopts the writing as his own. This act not having been performed in this applicant's case, as evi-

denced by the forms in the record before us, there was no effective waiver of the right to trial by jury in compliance with Art. 1.13, and, under the express mandate of Art. 1.15, no felony conviction could have been lawfully entered. *Felton*, 590 S.W.2d at 472.

The State, however, responds that appellant made an oral waiver of jury trial in open court which was reduced to writing by the trial court as part of appellant's guilty plea. The record here shows the following colloquy from the initial trial:

"... THE COURT: All right. You have the right to have a jury trial and the right to confront witnesses, but you may waive that right. *Did you sign a waiver of jury trial?*

THE DEFENDANT: *Yes, sir.*

THE COURT: All right. That means that you do not want twelve people to come in and hear the case; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Is that the way you understand it?

THE DEFENDANT: Yes, sir."

\*    \*    \*    \*    \*    \*

... THE COURT: And you're asking the Court to accept that waiver of jury trial and agreement to stipulate testimony?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what I just explained to you?

THE DEFENDANT: Yes, sir.

THE COURT: All right, waiver of jury trial and agreement to stipulate testimony becomes part of the record....

This case can be distinguished from recent cases where there was nothing in the record to show the waiver. *Lopez v. State* (Tex.Crim.App. March 28, 1984); *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App. 1983) cert. denied __ U.S. __, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983); and our decision in *Villarreal v. State*, 676 S.W.2d 197 (1984).

The ultimate question is whether appellant's oral admission that he was will-

ing to waive the jury trial and *that he had signed a waiver of jury trial* is sufficient to satisfy the requirement of Art. 1.13. We find that the oral admission of his willingness to waive the jury trial alone was not sufficient. When coupled with his statement, however, that he had signed the waiver, it is sufficient.

The fact situation in this case is more like that in *Foster v. State*, 661 S.W.2d 205 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). The Court in *Foster* held that the absence from the appellate record of a written waiver of a jury trial by the defendant in open court did not conclusively demonstrate that no valid written waiver ever occurred, especially where both the judgment and the statement of facts reflected that a written waiver of the right to trial by jury was obtained from the defendant. We approve the decision in *Foster* and hold that the reasoning there is dispositive here.

Here, as we have noted, the appellant represented in open court to the trial judge that he had signed the waiver of jury trial. For us now to permit him, in effect, to say to us in order to bring about a reversal of his conviction that he did not sign the waiver would be to reduce the affected law to an absurdity. We overruled appellant's sole ground of error.

The judgment of the trial court is AFFIRMED.