**Robert Raul VILLARREAL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–018–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Peter C. Gilman, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a felony conviction of possession of marihuana. Trial was before the court and punishment assessed at two years' confinement in the Texas Department of Corrections. Appellant was placed on probation, and his sentence was suspended for four years.

In ground of error number two, appellant contends that the stipulation of evidence entered in this cause is insufficient and that the trial record is devoid of a valid jury waiver. TEX.CODE CRIM.PROC. ANN. art. 1.13 (Vernon 1977). Our review of the record reveals that there is, in fact, a complete absence of any jury waiver, signed or otherwise.

At the arraignment on October 26, 1983, appellant entered a plea of not guilty, and a trial date was set. On November 23, 1983, the trial court denied appellant's motion to suppress. On November 28, 1983, trial was held before the court. Evidence was presented by oral stipulation on the testimony of the hearing on motion to suppress. The State's lab report with reference to the substance taken from appellant's car on the date in question was also admitted as evidence on the merits.

The record shows that, after the oral stipulations on the evidence were made, the trial court advised appellant of his absolute right to a trial by jury. Appellant responded *affirmatively* when asked by the trial court if he desired to waive a jury and proceed to trial before the court. Based on this oral waiver and the evidence submitted, the trial judge entered a finding of guilty, and subsequently sentenced appellant to two years' confinement, probated for four years. The only other suggestion of jury waiver is the standard conclusory statement that appears in the Probation Judgment.

This case must be reversed since it is controlled by the Court of Criminal Appeals' decision in *Lopez v. State*, No. 509–83 (Tex.Crim.App. March 28, 1984) (not yet reported). In *Lopez*, the Court stated:

"The right to trial by jury is axiomatic in American criminal jurisprudence. Art. 1.13, V.A.C.C.P., requires that a defendant wishing to waive statutory right to trial by jury must do so in person in open court and in writing prior to entering his plea... Such was not done in the case at bar.

Waiver of so fundamental a constitutional right as the right to trial by jury can never be presumed from a silent record. *Samudio v. State*, 648 S.W.2d 312 (Tex. Cr.App.1983), cert. den. —— U.S. ——, 103 S.Ct. 3113 [77 L.Ed.2d 1368] (1983). In order to find a waiver of a fundamental constitutional right, there must be proof that the defendant intentionally relinquished or abandoned a known constitutional right and this Court as well as the United States Supreme Court will indulge every reasonable presumption against waiver...

Clearly if the omission of a defendant's signature on a jury waiver form is sufficient for reversal, a complete absence of a jury waiver form mandates the same result. This being fundamental error of constitutional magnitude, we ... hold

that the issue of jury waiver may be raised for the first time on discretionary review."

■ We hold that the trial court committed error in conducting this trial without a jury in the absence of a valid *written* jury waiver as required by TEX.CODE CRIM.PROC.ANN. art. 1.13. *See Vega v. State* No. 1154–83 (Tex.Crim.App. April 11, 1984) (not yet reported). In the case before us, there is no evidence, circumstantial or otherwise, which shows that a *written* waiver had in fact been executed by the appellant himself. *See Foster v. State,* 661 S.W.2d 205 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (evidence clearly showed written waiver had been executed, although apparently lost or misfiled). The presumption of regularity based upon recitals in the judgment does not apply to waiver of jury trial because of the statutory requirement. *Breazeale v. State* No. 387–83 and 604–83 (Tex.Crim.App. July 11, 1984) (not yet reported). *See also Ex parte Felton,* 590 S.W.2d 471 (Tex.Crim.App. 1979); *Valdez v. State,* 555 S.W.2d 463 (Tex.Crim.App.1977). *See also* FED.R. CRIM.P. 23(a), 18 U.S.C.A. Ground of error number two is sustained.

In view of our resolution of ground of error number two, we need not write on the sufficiency of the stipulation of evidence or the search and seizure issue raised in ground of error number one.

The judgment of the trial court is reversed, and the cause remanded for a new trial.