**Angela Kay WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–107–CR.**

Court of Appeals of Texas, Texarkana.

Nov. 10, 1992.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION   .

GRANT, Justice.

Angela Kay Williams appeals her conviction of the offense of causing serious bodi-ly injury to an elderly individual. She pleaded guilty, and the jury assessed her punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

On appeal, Williams complains that the trial court erred in not allowing her to withdraw her guilty plea when the State failed to prove that the complainant sustained serious bodily injury as a result of Williams' actions, in holding the evidence sufficient to sustain a conviction, in proceeding to trial when she had not waived her right to a trial by jury as to guilt/innocence or her right to ten days to prepare for trial, and in failing to require the State to prove the descriptive averments in the indictment.

■ Williams contends that the trial court erred in accepting her guilty plea because the evidence was insufficient to prove serious bodily injury to the elderly victim. In determining whether the evidence is sufficient to support a conviction for a charged offense, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State,* 682 S.W.2d 573 (Tex.Crim.App.1985).

Imogene Iglehart, a seventy-five-year-old widow, testified that on April 18, 1991, she was in her home alone in a rural area of Lamar County. Her right arm was immobilized in a harness because she had undergone surgery for the replacement of her right shoulder less than two weeks earlier. Williams and another woman came to Iglehart's door, and Williams asked to use the telephone, stating she had been beaten by her husband. Iglehart asked the women to go to her son's home nearby to use the telephone and attempted to close the door. The two women proceeded to force their way into the Iglehart home. Iglehart testified that they beat her until she passed out. She remembers that during the struggle, a picture was knocked off the wall and that

she fell on her left shoulder. She was knocked unconscious. When she came to, her face was bleeding, the lens had popped out of her glasses, and she was unable to walk. After Iglehart was taken to the hospital, it was determined that she had suffered a fractured hip, which required surgery, and that she had sustained bruises and abrasions on her wrist and face. The treating doctor described her injuries as constituting serious bodily injury.

According to Iglehart, she does not remember calling her sister. She remembered that her son came, that when she stood up to go to the hospital she had such pain in her hip that she could not walk, and that the ambulance was called to take her to the hospital. Williams contends that even though the record does not specifically state that Iglehart walked to the telephone and then walked back to the kitchen where she sat in a chair after she was hit by Williams, this movement would have been necessary for Iglehart to have placed the call. Williams further contends that this movement would have been impossible if Iglehart's hip had been broken at that time. Williams concludes that there is no evidence that her blow to Iglehart's face caused the serious bodily injury as alleged in the indictment.

At trial, Williams stipulated to the following evidence: "On the 18th day of April 1991, I did in Lamar County, Texas, unlawfully, knowingly, and intentionally engage in conduct that caused serious bodily injury to Ima Gene Iglehart, an individual 65 years of age or older by striking Ima Gene Iglehart with her fist."

Serious bodily injury is defined in part in Tex. Penal Code Ann. § 1.07(a) (Vernon 1974 & Supp.1992) as bodily injury that causes protracted loss or impairment of the function of any bodily member or organ. Dr. Steven Rowland testified that the injury to Iglehart's hip was consistent with her having been knocked to the floor, and it was extremely unlikely that the hip fracture occurred when she stood up or while she was standing. The evidence shows that Iglehart's broken hip required surgery

and a long period of recovery and rehabilitation, that it resulted in her having to use special devices in order to bathe and tend to her basic needs, and that she could not enjoy her gardening and other activities that she had been involved in prior to the injury. There was also evidence that Iglehart's screams were heard from a block away, and that after the incident, Williams told her friends, "I think I killed the bitch." The evidence is sufficient for the jury to have found beyond a reasonable doubt that the acts of Williams in striking Iglehart and knocking her down resulted in Iglehart's hip injury. This point of error is overruled.

■ Williams next contends that she did not waive her right to a jury trial on guilt/innocence. According to the State, the original indictment, Cause No. 13312, alleged that Williams had struck Iglehart with her *fists*.[1] Immediately before trial, the State withdrew that indictment and went forward under a new Cause No. 13441 with a complaint and information which alleged that Williams only used her *fist*. On some of the documents prepared for the guilty plea, the original number of 13312 was crossed out and the number 13441 was written in by hand. Some of the instruments contained no number at all. The written waiver of a jury trial on guilt/innocence has the original number 13312. Williams was asked in open court if she had executed a waiver of her right to jury trial on the guilt/innocence phase of the case, and she answered that she had. The erroneous number would not invalidate this waiver when Williams had acknowledged in open court that she had made a waiver on the case then before the court. *See Roberts v. State*, 676 S.W.2d 189 (Tex. App.–Corpus Christi 1984, no pet.). This point of error is overruled.

■ Williams next contends that the trial court erred by not allowing her ten days to prepare for trial pursuant to Article 1.051(e) of the Code of Criminal Procedure. Williams signed a form that included a waiver of the ten days allowed by law to

1. The original indictment is not included in the transcript.

prepare for trial and requesting it to be tried on the date that it was signed or any other day convenient to the court. This specific language, however, along with some other language, has been stricken by hand.

Before trial began, counsel for Williams advised the court that she was ready to proceed. Counsel did not object to trial or request the ten days required by law. The State has cited *Marin v. State*, 801 S.W.2d 944, 946 (Tex.App.–Austin 1990, pet. granted), for the proposition that Williams cannot complain on appeal about a matter which was not raised in the trial court. In *Marin*, the court held that if the matter was not raised by objection in the trial court, it could not be raised for the first time on appeal. TEX.R.APP.P. 52(a).

In the present case, the record does not reflect when counsel was appointed.[2] Williams' acceptance of George Preston as appointed counsel was filed the day the trial began, but this does not show when the court actually appointed Preston. While it is true that the complaint and information is dated on the same date that the trial started, counsel was appointed to represent Williams on the underlying charges prior to that date.

In the case of *Guzman v. State*, 521 S.W.2d 267 (Tex.Crim.App.1975), the cause went to trial four days after a new indictment was presented which contained only minor changes. Even though the defendant did not waive the ten-day period for trial preparation, the Court of Criminal Appeals held that because the difference in the two indictments was negligible and did not affect the defendant's defense at trial, the provision allowing a ten-day period for trial preparation was not violated. In the case of *Hayles v. Sate*, 507 S.W.2d 213 (Tex.Crim.App.1974), the Court of Criminal Appeals held that the statute allowing a ten-day period for trial preparation was not violated even though the case went to trial five days after a new indictment was presented. The Court found that the only

change from the original indictment was in the nature of the firearm allegedly used but that the defense was one of alibi. The defendant had at all times been represented by the same attorney, who had been appointed several weeks earlier.

In the present case, although the information was given a new number, the information was the same as the indictment except for the striking of the letter *s* from fists. This change did not significantly alter the nature of the proceeding. Article 1.051(e) entitles appointed counsel ten days to prepare for a *proceeding*. TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp. 1992). We find that the change in the indictment in the present case was negligible and that the record does not reflect that counsel was appointed on the underlying proceeding for less than the ten-day period. This point of error is overruled.

■ Williams next contends that there was a fatal variance between the charging instrument and proof regarding the manner and means by which the offense was committed. The information states that Williams "did then and there unlawfully, knowingly, and intentionally engage in conduct that caused serious bodily injury to Ima Gene Iglehart, an individual 65 years of age or older by striking Ima Gene Iglehart with *her* fist." (Emphasis added.)

Williams points to the stipulated evidence as stating the following: "*I* did in Lamar County, Texas, unlawfully, knowingly, and intelligently engage in conduct that caused serious bodily injury to Imogene Iglehart, an individual 65 years of age or older by striking Imogene Iglehart with *her* fist." (Emphasis added.)

■ We disagree with the State that these allegations can be considered surplusage and ignored. The State is not required to allege the particular mode or means employed in the commission of an offense, except when this is the essence of the offense charged. *Boney v. State*, 572 S.W.2d 529 (Tex.Crim.App. [Panel Op.]

---

**2.** The burden is on the appellant to see that a sufficient record is presented to show error re- quiring reversal. TEX.R.APP.P. 50(d).

1978). However, if the State alleges the manner or means by which the offense was committed, the proof must substantially conform to this allegation. *Durbon v. State,* 153 Tex.Crim. 206, 219 S.W.2d 85 (1949).

The troublesome usage involves the third person singular personal pronoun *her.* The error is more flagrant in the stipulation because the defendant is referred to with the first person, *I,* while the possessive pronoun *her* is in the third person. Generally, a pronoun is situated in close proximity to its antecedent. In spite of the syntax used in the indictment and the possible ambiguity that it might refer to Imogene Iglehart, the information is sufficient to have put Williams on notice of the charge against her. A misreading that Williams used Iglehart's fist to do serious bodily injury to Iglehart is unlikely.

In determining whether there was a fatal variance, we are not required to look only at the stipulated evidence. Here, additional evidence was offered, including the testimony of the victim, Imogene Iglehart, who testified that she was struck with Williams' fist. This evidence was not at variance with the information. The State sufficiently proved the descriptive averments. This point of error is overruled.

The judgment of the trial court is affirmed.