**Angela Kay WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–91–00107–CR.**

Court of Appeals of Texas, Texarkana.

Aug. 17, 1993.

Gary L. Waite, Paris, for appellant.

Tom Wells, County Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

This Court initially affirmed the conviction in this case in an opinion recorded in *Williams v. State*, 843 S.W.2d 170 (Tex.App.–Texarkana 1992). The Court of Criminal Appeals granted a petition for discretionary review and reversed and remanded the case for further consideration by this Court. *Williams v. State*, 856 S.W.2d 739 (Tex.Crim. App.1993).

The case of *Marin v. State*, 851 S.W.2d 275 (Tex.Crim.App.1992), was decided by the Court of Criminal Appeals after our initial decision, and the Court of Criminal Appeals has directed us to reconsider our opinion in light of the *Marin* opinion. In *Marin*, the Court of Criminal Appeals determined that it was not necessary to object to the trial court's denial to counsel of ten days to prepare for trial in order to preserve error on appeal.

Although this Court mentioned in its initial opinion the failure of Williams' counsel to object that counsel had not received the required ten-day period for trial preparation, this was not the basis for our decision on that point of error. Our opinion is based upon the holdings in *Guzman v. State*, 521 S.W.2d 267 (Tex.Crim.App.1975), and *Hayles v. State*, 507 S.W.2d 213 (Tex.Crim.App.1974). In both of these cases, the Court of Criminal Appeals held that the ten-day period for trial

preparation was not violated when there were new indictments within the ten-day period, but the new indictments did not make significant changes in the charges against the defendants.

In the present case, although the information was given a new number, the information was the same as the indictment except for the striking of the letter *s* from the word *fists*. This change did not significantly alter the nature of the proceeding. Article 1.051(e) entitles appointed counsel ten days to prepare for a *proceeding*. TEX.CODE CRIM. PROC.ANN. art. 1.051(e) (Vernon Supp.1993). We find that the change in the charge against Williams was negligible and that the record does not reflect that counsel was appointed on the underlying proceeding for less than the ten-day period. This point of error is overruled.

The judgment of the trial court is affirmed.