**William Howard KING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 30412.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

———◆———

Douglas R. Bergen, Waco, for appellant.

Martin Eichelberger, Dist. Atty. and Randall Sellers, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a delayed appeal from a conviction for robberty by assault; the punishment, life imprisonment. The appellant entered a plea of guilty before the Court and was sentenced on May 6, 1958. The judgment was affirmed by this Court. See King v. State, 167 Tex.Cr.R. 494, 320 S.W.2d 842 (1959).

On June 29, 1973, the appellant's application for writ of habeas corpus was granted because he had been denied counsel on appeal. As ordered, counsel was appointed and briefs have been filed and this appeal is "under the rules governing the appellate procedure conforming to the appropriate provisions of the Texas Code of Criminal Procedure which were in effect on May 6, 1958."

■ The appellant first urges that this conviction should be set aside because he was not properly admonished as to the consequences of his plea of guilty as required by Article 501, C.C.P., 1925.[1]

The judgment recites that

". . . said defendant was admonished by the court of the consequences of said pleas, and the said defendant persisted in pleading guilty, and it plainly appearing to the court that the said defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of guilty is by the court received, . . ."

The appellant takes the position that the statement of facts refutes such recitation and should control. As in McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945 (1960) the statement of facts fails to report the matter verbatim but the court reporter's parenthetical summary indicates the appellant was admonished. Cf. Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122 (1961). In McCoy v. State, supra, it was said:

"To agree with appellant's contention would result in a reversal of a majority of the cases which reach this Court because the proceedings relating to the entry of pleas are not evidence adduced upon the trial and are not incorporated in the statements of fact." [2]

The appellant here relies upon Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956). As in McCoy v. State, supra, Alexander v. State, supra, is not applicable because in that case the question of the absence of the admonishment of the defendant was preserved by a proper bill of exception.

The appellant's first ground of error is overruled.

■ The appellant's remaining ground of error is that this conviction placed him twice in jeopardy for the same offense. The appellant had been indicted and convicted for the murder of Richard J. Lampe. The present conviction was for the robbery of John H. Nobile. Lampe and Nobile who were members of the armed services were attacked and robbed by the appellant and a co-defendant. Although the murder of Lampe and the robbery of Nobile occurred on the same occasion they are separate offenses and the appellant's conviction for both offenses did not place him twice in jeopardy for the same offense. See Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.

---

1. Article 501, C.C.P., 1925, provided as follows:
   "If the defendant plead guilty, he shall be admonished by the court of the consequences, and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt."

   These provisions are now embodied in Article 26.13, Vernon's Ann.C.C.P., 1965.

2. The practice referred to in McCoy v. State, supra, has now changed and the transcription of the court reporter's notes should contain a complete record of admonishment and other proceedings which occur when pleas of guilty are entered and accepted.