**Willie Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48129.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Weldon Holcomb, Tyler, on Appeal only, for appellant.

Ralph Prince, Dist. Atty., and Alvin Khoury, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant, on his plea of guilty before the court, was convicted of murder with malice. Punishment was assessed at 10 years.

Appellant's second ground is that the court erred in failing to advise him of the right to have a reporter present to transcribe the hearing on the plea of guilty.[1] We note that the claim is confined to the proposition that the court did not advise him of his right in the named respect, and is not that appellant was denied such right. No request was made by appellant or his employed counsel that a court reporter be present, or that the proceedings be reported.

Article 26.13, Vernon's Ann.C.C.P., sets forth the admonishments which the court should give before receiving a plea of guilty. There is no requirement in said article that the appellant be advised of a

right to have his case reported by a court reporter.

Article 40.09, Section 4, V.A.C.C.P., provides that "at the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments . . . ."

Article 40.09, Section 5, in its final sentence, states: "The court reporter shall report any portion of the proceedings requested by either party or directed by the court."

■ If the appellant desired to have the proceedings or any part thereof reported, he or his attorney should have so advised the court. Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Jones v. State, Tex.Cr.App., 496 S.W.2d 566; Garrett v. State, Tex.Cr.App., 434 S.W.2d 142.[2] Although it would have been better form for the trial court to have told appellant before proceeding with the trial of his right to have the proceedings reported, and his retained counsel should have done so, we find nothing in the applicable law which required the trial court to make this a necessary part of his admonishment in this case.

Appellant's second ground of error is overruled.

In his first ground of error, appellant contends that the court "failed to properly and fully° admonish defendant of consequences of plea of guilty."

The judgment recites that appellant was admonished of the consequences of his plea of guilty, setting them out in the language of Art. 26.13, V.A.C.C.P. The docket sheet states that "Defendant admonished as to consequences of plea and reminded of

---

1. No question of indigency is raised, either at the trial stage or on appeal. Appellant in both instances was represented by retained counsel. Cf. Curry v. State, Tex.Cr.App., 488 S.W.2d 100.

2. However, as this Court did in Taylor v. State, supra, and Jones v. State, supra, we strongly advise the trial judges, even in the absence of a request, to have the court reporter record all of the proceedings unless this is expressly waived.

right to jury trial, but he persisted in pleading guilty. Plea of guilty accepted."

There is no statement of facts in the record. There likewise is no bill of exception concerning the absence of proper admonishments. Appellant relies upon an affidavit made and filed by him in the papers of this case on September 17, 1973, in which he stated that at the time he plead guilty the court, in his admonishments, did not mention "a pardon or parole in regard to the case" or anything with reference to "my sanity."

■ This affidavit was not attached to the motion for a new trial, which, in fact, had been overruled as shown by the docket sheet on May 30, 1973, on which date appellant had been sentenced and had given notice of appeal. Even if it had been timely filed, it could not be considered as evidence.

> "An affidavit attached to the motion is but a pleading that authorizes the introduction of supporting evidence. It is not evidence in itself; and in order to constitute evidence it needs to be introduced as such at the hearing on the motion, which was not done in this case. Walker v. State, Tex.Cr.App., 440 S.W.2d 653; Davis v. State, Tex.Cr.App., 419 S.W.2d 648, Shelton v. State, 155 Tex. Cr.R. 187, 233 S.W.2d 148. See also, Art. 40.06, V.A.C.C.P." Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900.

■ Also, if the affidavit be deemed to be properly before us, in the absence of a stenographic report of the proceedings it is totally insufficient to overcome the entries in the docket sheet and the judgment of the court cited above. King v. State, Tex. Cr.App., 502 S.W.2d 800 (1973); McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.

Where a recitation substantially in the words of Art. 26.13, V.A.C.C.P., is made in the judgment, it has been held to be insufficient and not controlling if the record affirmatively shows that the defendant has not been adequately admonished. Porter v. State, Tex.Cr.App., 482 S.W.2d 282; Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569. In the instant case, there is no evidence before us contrary to the recitals of the docket sheet and judgment.

The first ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.