Daniel E. HECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 48146.

Court of Criminal Appeals of Texas.

April 10, 1974.

**738**

C. David Evans, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Felder, and Richard D. Woods, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, imprisonment for three years. The appellant waived a jury trial and was tried before the Court on a plea of not guilty.

All of the grounds of error require a review of the facts. The State insists that nothing is presented for review because the transcription of the court reporter's notes was not timely filed.

The record reflects the following:

| | |
|---|---|
| Judgment was entered | April 24, 1972 |
| Motion for New Trial was overruled, Sentence was pronounced and Notice of Appeal was given | October 12, 1972 |
| Notice that the record on appeal had been completed was mailed to the attorney of record | January 10, 1973 |
| A certificate that the record was approved by the trial court, no objection having been made, is dated January 29, 1973, but it bears no file mark | January 29, 1973 |
| The transcriptions of the court reporter's notes and the appellant's brief on appeal were filed | June 15, 1973 |
| The trial court granted a motion to extend the time for the filing of the appellant's brief to June 18, 1973 | June 21, 1973 |
| The Court entered an order refusing to grant a new trial and ordered the record transmitted to the Court of Criminal Appeals | July 20, 1973 |
| The trial court entered an order granting appellant's motion to have the transcription of the court reporter's notes included in the record on appeal | July 23, 1973 |
| The trial court entered an order stating the appellant and counsel were present and reciting that the briefs had been considered and refused to grant a new trial and ordered the record transmitted to the Court of Criminal Appeals | Hearing held December 6, 1973<br>Order entered December 14, 1973 |
| Record filed in the Court of Criminal Appeals | December 20, 1973 |

The State relies primarily upon Conerly v. State, 412 S.W.2d 909 (Tex.Cr.App. 1967) where this Court said:

"Appellant's motion for extension of time to file a statement of facts . . . filed after the record on appeal

had been approved by the court—without objection, and filed with the clerk, came too late."

However, the procedural facts in Conerly v. State, supra, were different. There, defense counsel had been notified of the completion of the record on October 12, 1966, and the record was approved by the trial court on October 28, 1966. On November 25, 1966, a motion for extension of time to file a statement of facts on appeal was filed. The record reflected that "No action appears to have been taken by the trial court on . . . the motion . . . ." In the case before us the trial court, by his order of July 23, 1973, specifically granted appellant's motion to have the transcription of the court reporter's notes included in the record on appeal.

Article 40.09, Section 3, Vernon's Ann. C.C.P. provides in part that:

" . . . The times herein provided for filing transcription of the notes of the reporter may be extended by the court for good cause shown, and the court shall have the power, in term time or vacation, on application for good cause to extend for as many times as deemed necessary the time for preparation and filing of the transcription, and the approval of the record after the expiration of the time provided by law for its approval shall be sufficient proof that the time for filing the transcription was properly extended, and the transcription so filed shall be construed as having been filed within the time required by law."

We find the trial court's order of July 23, 1973, directing that the transcription of the court reporter's notes be included in the record on appeal done long before the appellate record was transmitted to this Court constituted a supplemental approval of the record. That order, so construed, is under the statute sufficient proof that the time for filing the transcription was properly extended and the transcription so filed shall be construed as having been filed within the time required by law.

In seven grounds of error, briefed together by appellant, he claims that his warrantless arrest and subsequent search were unlawful and that it was error to admit into evidence the marihuana seized as a result of the search. A discussion of these complaints requires a short recitation of the facts.

Appellant Heck, along with two or three other persons, arrived at the Hilltop, a "Dance Hall-Restaurant" in Bexar County, on the evening of November 27, 1971. He brought with him a bottle of whiskey. A uniformed security officer, Craig Mecke, noticed that appellant was "a little unsteady of step" as he entered. Appellant and his companions ordered some soft drink setups, and Mecke said he saw appellant leave his table to get some beer. Larry McCraken, an off-duty City of San Antonio police officer who was present on the evening in question, testified that appellant became boisterous and was talking very loudly to a waitress. After a discussion with a waitress, Mecke and McCraken went to appellant's table. Mecke asked to see appellant's identification, and asked his name. Appellant refused both requests. Mecke then said he would like to talk to appellant outside. When appellant refused to go outside, Mecke arrested him for public drunkenness. There was testimony from both officers that appellant was boisterous, appeared to be intoxicated before Mecke and McCraken approached him, and also while they were talking to him. Mecke said appellant's speech was slurred and his breath smelled heavily of alcoholic beverages. Mecke handcuffed appellant when they got outside, put him in Mecke's automobile, and, accompanied by McCraken, drove appellant immediately to Bexar County Jail. There deputy sheriff Arthur Alozano, in accordance with his duties, searched appellant as an incoming prisoner before putting him in a cell. While the appellant was removing his boots a plastic bag feel out. The bag con-

tained a hand-rolled cigarette. The appellant stipulated to a chemist's identification of the substance in the cigarette as marihuana.

The evidence before the Court acting as a finder of the facts in this case was sufficient to authorize a finding that the appellant was drunk in a public place. Being drunk in a public place is a breach of the peace. See Article 477, Vernon's Ann.P.C.; Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200 (1951); McEathron v. State, 163 Tex.Cr.R. 619, 294 S.W.2d 822 (1956). A citizen other than a peace officer may make an arrest without a warrant for a misdemeanor offense when it is a breach of the peace. See Article 14.01(a), V.A.C.C.P.[1]; McEathron v. State, supra.

The appellant's arrest was lawful and the search made at the county jail before placing the appellant in a cell was lawful. See Loy v. State, 502 S.W.2d 123 (Tex.Cr.App.1973); Brown v. State, 498 S.W.2d 343 (Tex.Cr.App.1973); Johnson v. State, 397 S.W.2d 441 (Tex.Cr.App.1965); King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501 (1958).

The appellant also challenges the sufficiency of the evidence to show beyond a reasonable doubt that appellant illegally possessed marihuana. The evidence already summarized is sufficient to sustain the Court's finding that the appellant was guilty beyond a reasonable doubt of possessing marihuana.

In grounds of error six and eight, the appellant complains that he was not taken before a magistrate and informed of his rights prior to the search, allegedly in violation of Article 15.17, V.A.C.C.P. and in violation of the Constitution of this State and the United States. The appellant's arrest and recovery of the marihuana from him were lawful. The record does not show that the appellant was interrogated before he was searched and no confession was introduced. These grounds of error are overruled. See Dockall v. State, 476 S.W.2d 290 (Tex.Cr.App.1972).

Appellant's final contention is that his sentence of three years confinement for the possession of .3 grams of marihuana is so harsh as to violate the constitutional right of equal protection. The period of imprisonment assessed by the Court was within the permissible range of punishment provided by statute (Article 725b, V.A.P.C.) and does not violate the Equal Protection clause of the Constitution. See Johnson v. State, 447 S.W.2d 927 (Tex.Cr.App.1969); Albro v. State, 502 S.W.2d 715 (Tex.Cr.App.1973).

The judgment is affirmed.

Opinion approved by the Court.

---

[1]. Article 14.01(a), V.A.C.C.P. reads as follows:

"A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace."