**William E. DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48326.**

Court of Criminal Appeals of Texas.

April 10, 1974.

---

Stephen M. Orr, Austin, for appellant.

Robert O. Smith, Dist. Atty., & Charles Craig, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Conviction is for burglary of a coin operated machine on a plea of guilty to the jury; the punishment, two years.

Appellant's first ground of error complains that the judgment is void in that it shows that eleven instead of twelve jurors were impaneled. The pertinent portion of the judgment reads that " . . . a jury, to-wit: *Burglary of a Coin Operated Machine* and eleven others was duly selected, impaneled and sworn . . . " The above underlined portion is incorrect and should obviously have been filled in by reference to the foreman of the jury, Sterlin C. Moore.

Appellant made no issue of the number of jurors prior to his appeal of the conviction. There is no showing that only eleven jurors were impaneled. We reform the portion of the judgment above under the authority in Art. 44.24, Vernon's Ann.C.C. P., wherein it states *"Burglary of a Coin Operated Machine"* to read *"Sterlin C. Moore."*[1]

Ground of Error number two urges that appellant's plea of guilty should have been withdrawn by the trial court upon certain exculpatory testimony of the appellant. Appellant argues that such testimony clearly indicates that he did not open the machine with the intent to commit theft, an essential element of the crime. We do not agree.

Appellant's testimony coming closest to negating an intent to commit theft is to the effect that he found some keys in his pocket and he tried to see if the keys would open the machine and one of them did. Appellant did not testify that he had no intent to commit theft at the time he used the keys.

Appellant goes on to testify that he knew it was wrong to go into the machine and that he might be put in jail for doing so. We hold that the evidence was not such as to render it incumbent on the trial court to withdraw the guilty plea. In

---

1. The trial court has caused to be included in the record a supplemental transcript bearing on Appellant's Grounds of Error one and three. The trial court approved the record on August 30, 1973. No objections were made to the record. This supplemental transcript was the product of a hearing before the court on November 1, 1973. See Heck v. State, Tex.Cr. App., 507 S.W.2d 737 (this day decided.)

Reyna v. State, 434 S.W.2d 362, 365, this court said: ". . . evidence must go farther than just tending to show a defensive issue, but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea." No error is shown.

■ Ground of Error number three complains that there was not a proper admonishment upon appellant's plea of guilty under Article 26.13, V.A.C.C.P.

The record reflects the following:

"(End of jury voir dire.)

(Whereupon, a jury having been selected, the following proceedings were had before the jury).

THE COURT: At this time I'll ask the Defendant to stand, and we'll commence the trial by the reading of the indictment.

(Whereupon the indictment was read by Mr. Collins, Counsel for the State.)

THE COURT: And to which indictment the Defendant, William Davis, pleads guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

*THE COURT: And I have hereto [sic] advised you of the consequences and you thoroughly understand that?* [Emphasis Added]

*THE DEFENDANT: Yes, sir."* [Emphasis Added]

There is an instrument in the record entitled "Arraignment of the Defendant on Plea of Guilty" signed by the trial court reciting that the proper admonishments

were given following arraignment on the day of the trial. There is a sworn statement in the record by the appellant acknowledging that he was warned of the consequences of pleading guilty. The docket sheet reflects that appellant was warned of his rights and the consequences of his plea. In view of the above recitals, we conclude that the proper admonishments were given to appellant in a preliminary proceeding on the day of the trial.[2]

Finding no reversible error, the judgment as reformed is affirmed.

ONION, Presiding Judge (concurring).

I feel compelled to state my reasons for concurring as to the disposition of ground of error # 3 contending there was not a proper admonishment under Article 26.13, Vernon's Ann.C.C.P.

The judgment reflects that the appellant was properly admonished as required by Article 26.13, supra. Nevertheless, the appellant relies upon the transcription of the court reporter's notes, which reflects that after the indictment was read to the trial jury on May 1, 1973, the following occurred:

"THE COURT: And to which indictment the Defendant, William Davis, pleads guilty or not guilty?

"THE DEFENDANT: Guilty, Your Honor.

"THE COURT: And I have hereto (sic) advised you of the consequences and you thoroughly understand that?

"THE DEFENDANT: Yes, sir."

The docket sheet reflects that on May 1, 1973, prior to the jury trial on the same date, the appellant was "arraigned and

2. Such proceeding is not in the record as originally approved, and we find no designation under Article 40.09, Sec. 2, V.A.C.C.P., that it be included in the record or any objection pursuant to Article 40.09, Sec. 7, V.A.C.C.P., to the record for failure to so include this proceeding. See Brown v. State, 505 S.W.2d 277, (Tex.Cr.App., decided February 13, 1974) and Jones v. State, 496 S.W.2d 566 (Tex.Cr. App.). See also Footnote (1).

warned of his rights and the consequences of a plea of guilty. . . ." Also in the record, not objected to by the appellant, is a written instrument dated May 1, 1973, and signed by the judge entitled "Arraignment of the Defendant on Plea of Guilty." Such instrument reflects on its face a compliance with the requirements of Article 26.13, supra. There is also another instrument in the record signed by the appellant entitled "Defendant's Plea of Guilty, Waiver, and Judicial Confession." This instrument likewise reflects that the appellant had been admonished as required by Article 26.13, supra.

It appears from this record that the arriagnment was delayed until the date of the trial and that shortly before trial the appellant, in connection with the arraignment, was admonished in accordance with Article 26.13, supra, and that before trial the court merely asked the appellant to affirm that he had been so admonished.

Article 26.13, supra, is found in the chapter on Arraignment in the Code of Criminal Procedure and sets forth the procedure to be used *at the time of arraignment* if the defendant enters a plea of guilty or nolo contendere. Article 27.13, Vernon's Ann.C.C.P., is found in the chapter on Pleading and requires, among other things, that a plea of guilty or nolo contendere in a felony case shall be made in open court "and the proceedings shall be as provided in Article 26.13 . . ." It is thus Article 27.13, supra, which calls for Article 26.13, supra, to be followed in pleas of guilty and nolo contendere in felony cases.

In the instant case it would have been better practice for the court to have complied with the requirements of Article 27.-13, supra, and again admonished the appellant, but given the particular circumstances of this case, I agree that reversible error is not reflected.

I concur.