Diane CREEKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51946.

Court of Criminal Appeals of Texas.

May 19, 1976.

Melvyn Carson Bruder, Dallas, court appointed, for appellant.

Henry Wade, Dist. Atty. and Jerome L. Croston, Jr., Gary Noble, Mike Keasler, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of heroin following a plea of guilty. Punishment was assessed at seventeen years.

In her original brief appellant's sole complaint was that she was not properly admonished as to the consequences of a plea

of guilty as required by Art. 26.13, V.A.C. C.P.

In a supplemental brief she now concedes that proper admonishments were in fact given. She now contends, however, that the record properly before this Court does not contain those admonishments as, she contends, it must.

The record reflects that on April 17, 1975, the trial court approved the record after notice of completion had been mailed to the parties and no objections to the record had been made. When appellant filed her original brief, the trial court and the State realized that the record did not contain any guilty plea admonishments.

The matter was set for a hearing on October 24, 1975. At that hearing the court reporter from the original trial testified that five pages of trial transcript, now numbered pages 2B–2F, had been erroneously omitted from the prepared statement of facts. These pages included the record of appellant's arraignment at which she was properly admonished in accordance with Art. 26.13, V.A.C.C.P., as the supplemental brief concedes. Following this hearing, a second notice of completion of the record, with pages 2B–2F included therein, was mailed to the parties and the record was again approved by the trial court.

■ Appellant's contentions are that the trial court was without authority to conduct the October 24 hearing, and that the record thereof and pages 2B–2F of the statement of facts are not properly before this Court. We need not pass upon these contentions because even if appellant is correct, reversible error has not been shown.

■ Both the docket sheet and the judgment recite that appellant was admonished following her guilty plea. These recitations are sufficient to show compliance with Art. 26.13, supra, in the face of a silent record. *Brown v. State*, Tex.Cr.App., 505 S.W.2d 277; *King v. State*, Tex.Cr.App., 502 S.W.2d 800; see also *Davis v. State*, Tex.Cr. App., 507 S.W.2d 740. The presumption of regularity created by the recitals can be overcome only when the record otherwise affirmatively reflects that Art. 26.13, supra, was violated.

Art. 40.09, Sec. 1, V.A.C.C.P., provides in part:

"In all cases appealable by law to the Court of Criminal Appeals, the clerk of the court that entered the conviction sought to be appealed from shall, under his hand and seal of the court, make and prepare an appellate record comprising a true copy of the matter designated by the parties, but shall always include, whether designated or not, copies of the material pleadings, material docket entries made by the court, the charge, verdict, judgment, sentence, notice of appeal, any appeal bond, all written motions and pleas and orders of the court, and bills of exception."

Obviously, the record of the arraignment at which guilty plea admonishments are given is not required to be included in the appellate record, although it is always preferable that such record be so included. *Brown v. State*, 505 S.W.2d at 278, n. 2; *King v. State*, 502 S.W.2d at 801, n. 2. The ground of error in the supplemental brief is overruled.

The judgment is affirmed.

GUPTON, Judge (concurring).

I concur with the majority opinion and the results reached. Article 40.09, Sec. 7, V.A.C.C.P., is silent as to the instant situation. A majority of this Court held in *Guzman v. State*, 521 S.W.2d 267, 271:

"The question succinctly put is whether the State waived the right to have designated matters included in the record by failure to object within the prescribed fifteen day period after notice of completion of the record was mailed. We think not."

*Heck v. State*, Tex.Cr.App., 507 S.W.2d 737, involved a situation concerning a supplemental approval of the record. The record therein was approved without a statement of facts and without objection. Six months later a statement of facts was filed and approved. This Court held:

"We find the trial court's order of July 23, 1973, directing that the transcription of the court reporter's notes be included in the record on appeal done long before the appellate record was transmitted to this Court constituted a supplemental approval of the record."

*Guzman,* supra, further reveals that although *Heck,* supra, deals with a supplemental approval of the statement of facts rather than matters designated for inclusion in the record, both situations are controlled by the same rationale. I feel that the situation at bar is controlled by the same rationale.

I quote further from *Guzman,* supra:

"Both Article 40.09, Sec. 4 and Sec. 7, clearly indicate the legislative intent that the trial judge be afforded limited discretion in these records, so that the statement of facts and the record shall 'speak the truth.'"

A period of four months lapsed from the date the trial judge held the evidentiary hearing until this appeal was filed with this Court. The trial judge had the authority to include in the appellate record the additional pages of the statement of facts.

I concur with the majority opinion.

ROBERTS, J., joins.