IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-012-CR





EDDIE RAY JACOBSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT OF McCULLOCH COUNTY, 



NO. 6062, HONORABLE RANDY YOUNG, JUDGE



 





PER CURIAM

 In a trial to the court on a plea of not guilty, appellant was found guilty of theft of
property valued at twenty dollars or more, but less than two hundred dollars. Tex. Penal Code
Ann. § 31.03(e)(2)(A) (Supp 1992). The trial court assessed punishment at confinement in the
McCulloch County jail for one hundred eighty days, suspended imposition of sentence, and placed
appellant on probation for one year. We will affirm the trial court's judgment.

 In his first point of error, appellant contends that the trial court erred in failing to
have a court reporter present to make a record of the trial proceedings without a written waiver
by the defendant of the making of the record. Appellant urges this Court to hold that a trial judge
must, even in the absence of a request to do so, have the court reporter record the guilt or
innocence phase of a criminal trial, unless there is a written waiver of the making of a record. 
We decline to do so.

 The burden is on the appellant, or other party seeking review, to see that a
sufficient record is presented to show error requiring reversal. Tex. R. App. P. Ann. 50(d)
(Pamph. 1992). In his brief, appellant states that no statement of facts exists because there was
no court reporter present when the trial was conducted. Appellant does not allege, and there is
no evidence in the record to indicate, that he, the State, or the trial court requested that a record
of the proceedings be made. See Tex. R. App. P. Ann. 11(a)(1) (Pamph. 1992). If no request
is made that a court reporter record the proceedings during trial, and no record is made, an
appellant under such circumstances has waived his complaint on this ground. Emery v. State, 800
S.W.2d 530, 535 (Tex. Crim. App. 1990); Brown v. State, 505 S.W.2d 277 (Tex. Crim. App.
1974). Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that a fatal conflict exists in the
findings of fact and conclusions of law made by the trial court as reflected in the judgment. The
judgment reflects that the court found appellant guilty of theft. The judgment further reflects in
condition of probation twelve, that:



Other: Defendant shall make the television set in question available for inspection
by the complaining party; and if said complainant shall tender the sum of $87.50
in payment for parts and labor, said Defendant shall relinquish possession of said
set, the remote control applicable to it, and the other small T.V. Set of the
complaining party to him immediately.



Appellant argues that this condition of probation is tantamount to the trial court making a finding
of fact that he had performed repairs and furnished parts to the complainant's television set and
was entitled to payment from the complainant before he would be obligated to return the television
set to the complainant. Therefore, appellant argues, there is a fatal conflict between the trial
court's finding that he is guilty of the offense of theft and the trial court's "finding" that he has
a worker's possessory lien.

 Appellant has not met his burden to see that a sufficient record is presented to show error
requiring reversal. Tex. R. App. P. Ann. 50(d) (Pamph. 1992). Generally, when no statement
of facts is present in the record before the court of appeals, it is presumed on appeal that any
omission in the record supports the trial court's judgment or order. State v. Pierce, 816 S.W.2d
824, 831 (Tex. App. 1991, no pet.). Appellant's second point of error is overruled. 

 The trial court's judgment is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: May 20, 1992

[Do Not Publish]