Jackson v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-057-CR

Â Â Â Â Â RUBY JOYCE JACKSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 262nd District Court
Harris County, Texas
Trial Court # 612,115
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

OPINION ON REHEARING
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Our opinion of October 30, 1992 cites Cannon v. State, 537 S.W.2d 29, 30 (Tex. Crim. App.
1976) on the last line of page three. The citation should read Creeks v. State, 537 S.W.2d 29, 30
(Tex. Crim. App. 1976).
Â Â Â Â Â Â Appellant's motion for rehearing is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Â Â Â Â Â Â Â Â Â Â (Chief Justice Thomas not participating)
Motion denied
Opinion delivered and filed December 9, 1992
Do not publish



tyle='font-family:Palatino'>(constitutional errors may be waived or forfeited
by a failure to make a timely and specific assertion of the rightÂ).Â  His due
process complaint is not preserved for appellate review.

Moreover, Âerror [if any] in the
admission of evidence is cured where the same evidence comes in elsewhere without objection.ÂÂ 
Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim.
App. 2004); see Roberson v. State, 100 S.W.3d 36, 40 (Tex.
App.ÂWaco 2002, pet. refÂd). Â As the State points out, Detective Steve January,
Mark Hodde, and June Hodde all testified without objection to the contents of
the photographs.Â  A list of items stolen from the HoddesÂ home, including items
depicted in the photographs, was admitted into evidence without objection.Â  In
light of this unobjected to evidence, any error in admitting the photographs was harmless.Â 
See Lane, 151 S.W.3d at 193; see also Roberson, 100 S.W.3d at 40.

Accordingly, we overrule
PhillipsÂs sole issue and affirm the trial courtÂs judgment.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 3, 2007

Do not publish

[CR25]

Â 

Â 

Â 

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â  Article 39.14 of the
Code of Criminal Procedure provides for discovery of particular evidence that
is in the Âpossession, custody or control of the State or any of its agencies.ÂÂ 
Tex.
Code Crim. Proc. Ann.
art. 39.14(a) (Vernon Supp. 2006). Â Â[D]enial of a proper discovery request, either during
or before trial, may violate a defendant's due process rights.ÂÂ  Valdez v. State, 116 S.W.3d 94, 99 (Tex.
App.ÂHouston [14thÂ Dist.] 2002, pet. refÂd); see Ealoms v. State, 983 S.W.2d 853, 859
(Tex. App.ÂWaco 1998, pet. ref'd).