TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00432-CR







Oliver King Jones, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8069, HONORABLE OLIVER KITZMAN, JUDGE PRESIDING







PER CURIAM


 This is an appeal from a judgment of conviction for delivering less than twenty-eight grams of cocaine. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.112,
1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since amended). 
The punishment is imprisonment for twenty-five years.

 Appellant initially entered a plea of not guilty. A jury was impaneled and
testimony began. After two State witnesses testified, counsel for appellant informed the district
court in the jury's presence that appellant wished to change his plea to guilty. The jury was
removed from the courtroom, appellant was admonished, and the decision was made to have
appellant replead in front of the jury. The jury was returned, the indictment was again read, and
appellant entered his guilty plea. As instructed by the court in its charge, the jury returned a
verdict of guilty. The district court assessed punishment.

 In his only point of error, appellant contends the district court failed to admonish
him of the range of punishment before accepting his guilty plea. Tex. Code Crim. Proc. Ann.
art. 26.13(a)(1) (West 1989). Article 26.13 applies to a plea of guilty before a jury. Stewart v.
State, 580 S.W.2d 594 (Tex. Crim. App. 1979); Wilson v. State, 436 S.W.2d 542 (Tex. Crim.
App. 1968). Reversal is required without regard to harm if, before accepting a guilty plea, the
trial court wholly fails to admonish the defendant of the punishment range attached to the offense. 
Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); Ex parte McAtee, 599 S.W.2d
335 (Tex. Crim. App. 1980); Stewart, 580 S.W.2d at 594.

 The State points out that the district court's docket sheet and its charge to the jury
recite that appellant was admonished of the consequences of his plea. (1) The State urges that these
recitals are sufficient to show compliance with article 26.13(a)(1) in the face of a silent record. 
Creeks v. State, 537 S.W.2d 29, 30 (Tex. Crim. App. 1976). The record, however, is not silent. 
The statement of facts clearly reflects that in admonishing appellant, the district court did not
mention the range of punishment attached to the offense. The statement of facts is certified by
the court reporter to be a full, true, and correct transcript of the proceedings. The statement of
facts leaves no doubt that appellant was not admonished with regard to the range of punishment
when he changed his plea to guilty. Rogers v. State, 479 S.W.2d 42, 43 (Tex. Crim. App. 1972);
Ex parte Battenfield, 466 S.W.2d 569, 572 (Tex. Crim. App. 1971).

 The State also argues that the record is not complete, noting that a pretrial hearing
was scheduled for February 28, 1994, but does not appear in the statement of facts. The State
concludes that appellant may have been admonished at that hearing, "assuming there [was] one." 
As the State appears to concede, there is nothing in the record to indicate that a pretrial hearing
was held on February 28, 1994. In any event, there would have been no reason to admonish
appellant pursuant to article 26.13 at that time because he did not decide to plead guilty until after
trial began on March 28, 1994.

 Appellant's point of error is sustained. The judgment of conviction is reversed and
the cause is remanded to the district court for a new trial.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: May 24, 1995

Do Not Publish
1. The district court judgment is silent on this point.