MEMORANDUM OPINION

No. 04-04-00047-CR

Tina CRIBLEY,
Appellant

v.

The STATE of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-6828
Honorable Teresa Herr, Judge Presiding



 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sarah B. Duncan, Justice
 
Delivered and Filed:   August 3, 2005

AFFIRMED
            Tina Cribley appeals the order denying her motion to suppress. In her sole issue, Cribley
argues the trial court erred in concluding that article 14.03(a)(1) of the Texas Code of Criminal
Procedure authorized her warrantless arrest at her home, because her home was not a “suspicious
place”; and she was not found in circumstances that reasonably showed her to have committed any
of the offenses enumerated in article 14.03(a)(1). To determine whether article 14.03(a)(1) authorizes
a warrantless arrest, we “first look[] at all the facts and circumstances known to the police officer
which would reasonably show that the defendant ... committed a crime listed in Article 14.03(a)(1).”
Dyar v. State, 125 S.W.3d 460, 467 (Tex. Crim. App. 2003). We next “look[] at all the facts and
circumstances in relation to a particular place to show that the defendant was in a suspicious place.”
Id. We therefore address Cribley’s arguments in reverse order.
            1.   Cribley argues Officer Darrell Rooks did not have probable cause to arrest her for driving
while intoxicated. However, according to the testimony of Ruben Perez, he called the San Antonio
Police Department after his car was rear-ended by Cribley’s vehicle. When Officer Darrell Rooks
arrived at the scene of the accident, he was informed by Perez that his car had been rear-ended,
Cribley was belligerent and seemed intoxicated, and she had fled the scene. Rooks did not recall that
Perez had told him Cribley seemed intoxicated, merely that there had been a hit-and-run accident and
the other driver had fled the scene. However, the trial court, as the sole trier of the credibility of the
witnesses, could have chosen to believe Perez’s testimony rather than Rooks’s on this issue. See
State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (holding that, at a hearing on a motion
to suppress, the trial judge is the sole judge of the credibility of the witnesses and the weight to be
given their testimony). Rooks obtained a description of the other driver and her car, including its
license plate number. Rooks found the car parked in front of a nearby house; the car’s hood was still
warm, indicating it had been driven recently. When Cribley came to the door, she volunteered that
she was sorry and knew she had been in an accident. Rooks smelled alcohol on her breath, noticed
her hair and clothes were “messed up,” and her eyes were red and glassy. When Rooks asked Cribley
if she had been drinking, she said she “had about six beers.” Cribley wobbled and staggered and was
unable to perform field sobriety tests. It was at this point that Rooks arrested Cribley without a
warrant. In light of these facts and circumstances, we hold that, at the time he arrested Cribley,
Rooks had probable cause to believe she had driven while intoxicated – a breach of the peace and
therefore a listed offense in article 14.03(a)(1). See Romo v. State, 577 S.W.2d 251, 253 (Tex. Crim.
App. [Panel Op.] 1979) (holding that “being drunk in a public place is a breach of the peace”) (citing
Heck v. State, 507 S.W.2d 737 (Tex. Crim. App. 1974)).
            2.   Cribley also argues her home was not a “suspicious place.” We again disagree. See Dyar
v. State, 125 S.W.3d at 467-68. In Dyar, the Texas Court of Criminal Appeals held that the hospital
where Dyar was arrested was a “suspicious place” because it was the place where “the driver who
was suspected of causing the accident” was taken. Id. at 468. So it is here. According to Perez’s
testimony, he called the San Antonio Police Department after his car was rear-ended by Cribley’s
vehicle. When Rooks arrived at the scene of the accident, he was informed by Perez that his car had
been rear-ended by Cribley’s vehicle, Cribley was belligerent and seemed intoxicated, and she had
fled the scene. Given these circumstances, we hold Cribley’s home was a “suspicious place”; it was
the place she went shortly after rear-ending Perez’s vehicle. See id.
            Relying on the court’s observation in Dyar that the “only ... factor [that] seems to be constant
throughout the case law” in characterizing a place as suspicious is that “[t]he time frame between
the crime and the apprehension of a suspect in a suspicious place is short,” id. at 468, Cribley argues
that her home was not a “suspicious place” because the hour that had passed between the time of the
accident and the time she was arrested at her home was “enough time ... to erase any possible
additional facts and inferences that may have elevated Officer Rooks’s suspicions to the level of
probable cause.” We disagree. See id. at 464 (noting that, in Johnson v. State, 722 S.W.2d 417 (Tex.
Crim. App. 1986), the court had held that “[t]he fact that the appellant was at the scene of the crime
two hours after the murder, was a factor in finding that the appellant was found in a suspicious
place”).
            The trial court’s judgment is affirmed.
 
Sarah B. Duncan, Justice

Do not publish