NO. 07-08-0326-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
______________________________

RONALD EDWARD JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,500-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



MEMORANDUM OPINION
          Appellant, Ronald Edward Jackson, appeals his conviction and sentence for failure
to register as a sex offender. We affirm.
Background 
          On July 10, 1989, appellant was convicted of the offense of sexual assault and
sentenced to eleven years confinement in the Texas Department of Corrections. At the
time of his conviction, appellant was under no reporting obligation due to his sex offender
status. However, in 1999, the Texas Legislature passed reporting requirements affecting
appellant and, upon his release in 2000, appellant was notified of his duty to register. 
Additionally, appellant notified the Amarillo Police Department as required in 2001. 
          In November 2001, the State indicted appellant for failure to notify the Amarillo
Police Department of a change of address as required by statute. As part of an open plea
of guilty to the charge, appellant signed written admonishments in accordance with article
26.13 of the Texas Code of Criminal Procedure. Appellant pled guilty on January 9, 2002,
and was sentenced to three years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. 
          In January 2008, appellant was charged with failure to register with local law
enforcement as required. Appellant was informed that, because this was a second offense
of the criminal registration statute, the punishment range would be as a second degree
felony. On July 7, 2008, appellant pled guilty but requested the opportunity to appeal
certain issues with the permission of the trial court. Appellant timely filed his notice of
appeal.
          Appellant appeals the sex offender registration requirements as applied. 
Specifically, appellant contends that he has been denied the due process and equal
protection of law because 1) his punishment on the second offense for failure to register
as a sex offender is premised on a reporting requirement not in existence at the time of the
underlying sexual assault and 2) appellant was not admonished, at the time of the plea on
his first offense for failure to register, that subsequent offenses for failure to register would
result in the punishment range being increased to the next highest degree of felony.
Law and Analysis
          Appellant is aware that the Texas courts have addressed the application of
registration requirement for persons convicted of sexual assaults committed prior to the
institution of the requirements as a potential ex post facto violation. See White v. State,
988 S.W.2d 277 (Tex.App.–Texarkana 1999, no pet.). In that case, the court held that
application of a criminal registration statute is a collateral consequence of a guilty plea
because the application is remedial rather than punitive in nature. See id. at 279. 
However, appellant contends that, as a second offense for failure to register with a greater
punishment range than a first offense, that the application of the failure to register statute
is no longer remedial but becomes punitive. Appellant’s contention is that his punishment
for a “remedial crime” which did not exist at the time of the original conviction has
substantially increased.


 However, the increase of punishment is not premised on
appellant’s original conviction of sexual assault. The increase of punishment is premised
on the subsequent commission of the offense of failure to comply with the registration
requirements. See Tex. Code Crim. Proc. Ann. art. 62.102(c) (Vernon 2009). The
potential increase of punishment for subsequent offenses of the criminal registration
statute was in effect at the time of appellant’s plea on January 9, 2002. Acts of 1999, 76th
Leg., Ch. 1415, § 18, 1999 Tex. Gen. Laws 4831, 4840 (current version Tex. Code Crim.
Proc. Ann. art. 62.102(c) (Vernon 2009)). Therefore, we overrule appellant’s first issue.
          Next, appellant contends that he was not admonished on the potential enhancement
for repeated failure of non-reporting. Although the written admonishments required by
article 26.13 of the Texas Code of Criminal Procedure admonishes defendants on the
registration requirements of Chapter 62 of the Texas Code of Criminal Procedure, there
is no specific mention of the enhancement possibilities. See Tex. Code Crim. Proc. Ann.
art. 26.13(a)(5) (Vernon 2009). We conclude that the trial court was under no obligation
to inform appellant in 2002 of the enhancement possibility for repeated failures of non-reporting. See Brown v. State, 505 S.W.2d 277, 278 (Tex.Crim.App. 1974). We further
note that, since the enhancement possibility for repeated offenses for non-reporting was
in existence in the statute at the time that appellant pled guilty to the first offense of failure
to comply with the registration requirements, appellant cannot plea ignorance of the law
as justification for its violation. See Jones v. State, 32 Tex.Crim. 533, 25 S.W.124, 124
(Tex.Crim.App. 1894). We overrule appellant’s second issue.
Conclusion
          For the foregoing reasons, we affirm.  
                                                                           Mackey K. Hancock

                                     Justice

Do not publish.