NO. 07-09-00285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 21, 2010

BRETT JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,580; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

After the trial court overruled his motion to require the State to divulge the name of the confidential informant, appellant, Brett Johnson, pleaded guilty to the offense of possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams.[1]   After hearing the evidence regarding punishment, including appellant's plea of true to the enhancement paragraph of the indictment, the jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a term of 60 years

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp. 2009).

and a fine of $10,000. Appellant appeals the denial of the motion to identify the confidential informant. We affirm.

## Factual and Procedural Background

On February 4, 2009, officers of the Lubbock Police Department executed a search warrant on Room 139 of the Tech Inn in Lubbock, Texas. The search was preceded by several hours of surveillance on the room. The surveillance revealed that a number of different individuals were coming and going from the room. Appellant was named as occupant on the registration form for the room. Upon execution of the search warrant, quantities of both powder cocaine and crack cocaine, along with narcotics paraphernalia, were seized. Appellant was in the room standing next to a small dresser where some of the contraband was found.

Prior to the issuance of the search warrant, a confidential informant had made a controlled purchase of suspected cocaine from appellant. Additionally, the affidavit stated that the confidential informant had been inside of Room 139 within the preceding 72 hours and observed a substantial amount of cocaine base. Based upon this information, a magistrate for Lubbock County issued the search warrant that was subsequently served.

Appellant was indicted on the instant offense on March 4, 2009. On June 19, 2009, the trial court held a hearing on pretrial motions. At this hearing, appellant's trial counsel raised the issue of disclosure of the identity of the confidential informant. The State requested that the matter be set for a separate hearing, which the trial court granted. On July 13, 2009, the trial court conducted a hearing on appellant's motion to

reveal the identity of the confidential informant. Appellant testified at that hearing and, after hearing appellant's testimony, the trial court ruled that appellant had met his initial burden of making a plausible showing that the confidential informant could give testimony necessary to a fair determination of guilt. The State then invoked the privilege not to reveal the informant's identity pursuant to Texas Rule of Evidence 508. See TEX. R. EVID. 508.[2] The State then requested permission to present either live testimony or affidavits to support its position that the identity of the confidential informant was not required. At the same time, the State requested permission to submit case law for the trial court's consideration, along with the affidavits. The trial court granted the request and ordered the affidavits to be filed by July 17th. On July 29, 2009, prior to beginning voir dire examination, the trial court reconvened the pretrial hearing regarding the identity of the confidential informant. At that time, the trial court overruled the motion with the following statement: "The Court is going to deny the request based upon case law." It is this statement which forms the basis for appellant's contention on appeal.

Appellant contends that based upon the statement of the trial court, the trial court did not consider the affidavits prior to denying the request to reveal the identity of the informant. We do not so construe the trial court's statement and, therefore, overrule appellant's contention.

---

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___."

3

## Standard of Review

We review the trial court's action in denying the motion to reveal the identity of the informant under an abuse of discretion standard. See Ford v. State, 179 S. W. 3d 203, 210 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd). A trial court abuses its discretion only when its decision falls outside the zone of reasonable disagreement. See Salazar v. State, 38 S.W.3d 141, 151 (Tex.Crim.App. 2001).

## Analysis

Appellant presents a single issue for our consideration. Appellant contends that the trial court's ruling of July 29, 2009, must be read to mean that the trial court ruled against revealing the informant's identity solely based upon the case law submitted by the State and, therefore, did not consider the affidavits also submitted by the State. This is error, according to appellant, because the effect of the trial court's initial ruling on July 13, 2009, was that appellant had made a plausible showing that the informant could give testimony necessary for a fair determination of guilt. See Bodin v. State, 807 S.W.2d 313, 318-19 (Tex.Crim.App. 1991) (holding that once a defendant meets the initial requirement of a plausible showing of how informer's information may be important, an *in camera* hearing is required). According to appellant's theory, the words used by the trial court in overruling appellant's motion demonstrate that the trial court did not consider the affidavits in making its ruling.

We do not view the language used by the trial court as narrowly as does appellant. The record before us clearly demonstrates that: 1) the trial court did rule that appellant had made a plausible showing of need for the informant's identity; 2) the State

4

invoked the privilege not to disclose pursuant to Rule 508; and 3) the State asked to present affidavits for *in camera* examination by the trial court to refute appellant's plausible showing of need. Further, the record demonstrates that the affidavits were, in fact, presented to the trial court prior to its final ruling on July 29, 2009. This is so because after the trial court's ruling on July 29, 2009, the State's attorney made the following request of the trial court concerning the affidavits:

> Your honor, within this particular case the State had provided the Court as far as that affidavit, and we would ask that that be submitted to the record as far as in-camera and sealed for any appellate purposes.

The trial court granted the request and, significantly, appellant did not object to this procedure.

In addressing the complaint of appellant, we are limited to the record before us. Absent a showing to the contrary, there is a presumption of regularity attending the proceedings in the trial court. See Wright v. State, 873 S.W.2d 77, 80 (Tex.App.— Dallas 1994, pet. ref'd). The burden is on the appellant to overcome the presumption. Id. Where the record does not affirmatively reflect that procedural requirements were violated, the presumption of regularity must prevail. Id. (citing Jones v. State, 646 S.W.2d 449, 449 (Tex.Crim.App. 1983)). Finally, there is the matter of the State's request to have the affidavit included in the record. If the affidavit had not been reviewed by the trial court, appellant had a duty to object to the request to include the affidavit in the record on appeal. See TEX. R. APP. P. 33.1. In this case, the appellant's silence acted as acquiescence to the request by the State's attorney and the trial court's granting of said request. See Davis v. State, 507 S.W.2d 740, 741 (Tex.Crim.App. 1974) (where record is silent, appellate court presumes that proper number of jurors

5

impanelled); <u>Garza v. State</u>, 479 S.W.2d 294, 296-97 (Tex.Crim.App. 1972) (where record is silent, appellate court presumes that the State acquiesced in judge assessing punishment); <u>Jones v. State</u>, 644 S.W.2d 546, 549 (Tex.App.—Dallas 1982, pet. ref'd) (where record is silent as to when motion was filed, appellate court presumes it to support trial judge's ruling that motion was filed after pleading to the indictment). Accordingly, when we consider all of the circumstances of the case, we are of the opinion that the trial court's action in overruling appellant's motion to reveal the informant was proper and not an abuse of discretion. See <u>Edwards v. State</u>, 813 S.W.2d 572, 580 (Tex.App.—Dallas 1991, pet. ref'd). Appellant's sole issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.